Harriet S. Ferdon et al., as Executors, etc., Appellants, *v.* Henry W. Canfield, Respondent.

A policy of insurance, issued on the Tontine plan, on the life of S. recited that it was issued in consideration of a sum stated to have been paid by C. and six others named, the children of S. who were declared to be the assured; to whom the company agreed to pay the amount of assurance upon the death of the insured, or that in case he should be living at the time of the maturity of the policy, the holder or holders of the policy should be entitled to withdraw in cash the policy's share of the fund. In an action to determine as to who was entitled to this share, plaintiffs claimed under an assignment of the policy from S. to their testator, and defendant under assignments from the assured. *Held*, that plaintiffs acquired no right to the policy or the fund under the assignment from S., as the contract of the company was not with him, but by its express terms with the assured.

Plaintiffs claimed that the assignments to defendant were in some respects invalid. *Held,* that conceding this to be so, it was immaterial; it did not improve plaintiffs' title or authorize them to recover.

(Argued December 10, 1886; decided January 18, 1887.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 8, 1886, which reversed a judgment in favor of plaintiffs, entered upon a decision of the court on trial at Special Term, and granted a new trial. (Reported below, 39 Hun, 571.)

This action was in the nature of an action of interpleader, brought originally by the Equitable Assurance Society of the United States to determine the title to a fund in its hands, belonging to the owners of a policy of insurance, issued by it on the life of Samuel W. Canfield, which was claimed by the present plaintiffs and the defendant.

By an order of the court the fund was paid into court, and plaintiffs were substituted in the place of the original plaintiff.

The material facts are stated in the opinion.

*Andrew Fallon* for appellants. The policy in suit was duly assigned by the insured while it was in his possession, to John W. Ferdon, for a valuable consideration. (*St. John* v. *Am. Mut. L. Ins. Co.,* 13 N. Y. 31.) John W. Ferdon was entitled to receive the moneys due upon the policy to the extent of the amount due to the insured. (*Volton* v. *Nat. Fund L. As. Co.,* 20 N. Y. 32; *Olmstead* v. *Keyes,* 85 id. 593, 598, 599.) As long as Samuel W. Canfield retained the policy in his possession, he might control it as his own. (*Lemon* v. *Phenix Ins. Co.,* 38 Conn. 294; *Bickerton* v. *Jaques,* 12 Abb. [N. C.] 25; *Clarke* v. *Durand,* 12 Wis. 223; *Universal L. Ins.* v. *Cogbill,* 30 Gratt. 72; *Foster* v. *Gile,* 50 Wis. 603.)

*Oscar Frisbie* for respondent. The assured were the only persons who could assign the policy in suit. (*Rupert* v. *Union Mut. Ins. Co.,* 7 Robt. 155; *Gold* v. *Emerson,* 99 Mass., 154; *Eddie* v. *Slimman,* 26 N. Y. 9; 34 Conn. 35;

*Ins. Co.*, v. *Applegate*, 7 Ohio St., 292.)   Samuel W. Canfield could not make an assignment of the policy at the time it is claimed he attempted to, for the reason that he did not own it, and it is not shown that he had any delegated power.   The title to the policy was in the assured, his children.   (*Rupert v. Union Mut. Ins. Co.*, 7 Robt. 155 ; *Olmstead* v. *Keyes*, 85 N. Y. 593, 601.)   The assignment put in evidence by the plaintiffs vested no title in John W. Ferdon, deceased, and, therefore, none in his legal representatives.   Hence the plaintiffs have failed to prove an assignment.   (*Brunner* v. *Cohn*, 13 Week. Dig. 1.)   Assuming S. W. Canfield had a right to dispose of the policy, it must be presumed, in the absence of any proof on the subject, that he was to dispose of it for the benefit of the assured, not for his own.   He was a trustee for their benefit.   (85 N. Y. 593 ; *Harrington* v. *Erie Co. Sav'gs Bk.*, 23 Week. Dig. 38 ; *Dodge* v. *Stevens*, 94 N. Y. 209 ; *Robinson* v. *Chem. Nat. Bk.*, 86 id. 404.) A policy of the character of the one involved in this action is in its nature testamentary, and so if it remains unchanged beyond the period of its limitation it is irrevocable.   (5 Ins. L. J. 305.)   The words " the insured" in the covenant to pay contained in a life policy, mean for him whose benefit the insurance is made, rather than him on whose life it depends.   (*Hogle* v. *Guard L. Ins. Co.*, 4 Abb. Pr. [N. S.] 346.)

RAPALLO, J.   Although the life of Samuel W. Canfield was the life insured by the policy, he was not the party assured thereby.   His life was the subject of insurance but the contract does not, on its face purport to have been made either with him or for his benefit, nor does he appear to have had any interest therein which he could assign.   The policy recites that in consideration of the representations made in the application therefor and of the sum of $1,925, payable in advance by Catharine E. Canfield and six others, children of the said Samuel W. Canfield, who are expressly declared to be the assured, and of the semi-annual payment of a like premium,

the society assures the life of the said Samuel W. Canfield in the amount of $25,000 and promises to pay the amount of said assurance to -the said seven named children in equal shares in sixty days after due notice and satisfactory proof of the death of said person whose life is assured.

Under this contract it is impossible to see how any assignment by the person whose life is insured can affect the rights of the parties to whom the amount of insurance is by the terms of the policy made payable, and who are therein declared to be the parties by whom the premiums are payable, and to be the parties assured.

The plaintiffs claim under an assignment of this policy made by Samuel W. Canfield to their testator as collateral security for money loaned by him to Canfield, and the defendant claims under an assignment of the same policy from the children, who are therein described as the assured. No facts appear, either in the findings or the evidence, disclosing any equities on the part of the plaintiffs outside of the title claimed by them under the assignment by Samuel W. Canfield to their testator, and we are unable to perceive any foundation for their claim. The contract of the Equitable Assurance Society was not with Samuel W. Canfield, but by its express terms was with the assured, viz., his children.

The claim is made in the points of the ·counsel for the appellants, that by the terms and conditions of the policy,(which was on the Tontine plan) in case Samuel W. Canfield should be living at the time of the maturity of the policy, the amount due was payable to him personally.

We are unable to find anything to that effect. The provision as to payment before death was, that upon the completion of the Tontine period, the legal holder, or holders of the policy should be entitled, at their option, to withdraw in cash the policy's share of the fund. The only provision under which it could be claimed that Samuel W. Canfield might in any event be entitled to draw anything, is a subordinate one, to the effect that the legal holder or holders of the policy on the completion of the Tontine period, might, at their election,

instead of withdrawing their share of the Tontine fund, continue the assurance for the original amount and apply their entire Tontine dividend to the purchase of an annuity to reduce the future premiums, and that if in any year the amount derived from such annuity, together with the annual dividend on the policy, should exceed the amount of premium due, the excess should be paid in cash to the said Samuel W. Canfield or assigns. It can easily be surmised how the name of Samuel W. Canfield, instead of the assured, happened to be inserted in this clause, but it is quite unimportant to consider that matter, inasmuch as the contingency provided for never occurred.

The counsel for the appellants also claim that the alleged assignments from the assured to the defendant in this action, were incomplete, and in some respects invalid. But these objections, if well founded, do not help the case of the plaintiffs. If the defendant has not a valid assignment of the interests of the assured, the fund belongs to them, but this does not improve the plaintiffs' title.

The order of the General Term should be affirmed and judgment absolute rendered against the plaintiffs on their stipulation, with costs.

All concur.

Judgment accordingly.