Follett, J.
Alvin Cyrenius and George A. Cyreniussigned the application on which the policy was issued by which the life of Alvin Cyrenius was proposed for insurance for the benefit of said George A. Cyrenius, who paid for and received the policy, which insures th.e life of Alvin Cyrenius for the benefit of George A. Cyrenius, who, by the contract, is entitled to maintain an action for the recovery of the sum insured. Ferdon v. Canfield, 104 N. Y., 143; 5 N. Y. State Rep., 583; Alexander on Life Insurance,, 34, and cases there cited. It is not claimed that George A. assigned his interest in the policy to Alvin Cyrenius before his death. On the contrary, George A. received the receipts for the premiums paid June 18, 1874, and June 18, 1875. He signed the order of June 18, 1874, directing-that the dividend be applied in part payment of the premium. June 18, 1875, Frederick H. Cyrenius signed a like order. There is no evidence from which the trial court *205 could. hold, as a matter of law, that Alvin Cyrenius acquired, in his life-time the rights of George A. Cyrenius, except the remark at folio 26: “ Q. What did you do with it, the policy % A. I gave it to my father.” This in connection with the other evidence is insufficient to justify the holding that Alvin Cyrenius succeeded, in his life-time, to the fights of George A. in the policy.
The case at bar is quite different from Bickerton v. Jacques (28 Hun, 119), and Garner v. Germania Life Insurance Company (13 Daly, 255). In Bickerton’s Case, a person insured his own life for the benefit of his sister, he paying all of the premiums and always retaining possession and control of the policy. His sister died and thereupon he exchanged the policy for one payable to his nephew. It was held that the nephew, instead of the representative of the sister, was entitled to the sum insured.
In Garner’s Case, a father, naving a second wife, insured his life for the benefit of his children by his first wife, paid the premiums, retained the policy in his posession for fourteen years, and then omitted to pay the annual premium when due. Four days after he surrendered the old policy without the assent of the children, and took a -new one for the benefit of his wife. Before the second premium fell due on the new policy the father died, and the insurance was paid to the widow. An action brought for the benefit of the children was dismissed, upon the ground that the father having paid all of the premiums, and having always retained the policy in his possession and control, he had the legal right, without the assent of the beneficiaries, and with the assent of the assurer, to exchange the policy for a new one, payable to his wife. Neither case is an authority for holding that Alvin Cyrenius acquired the interest of George A. in the policy in suit. There is no evidence that the premiums due June 18, 1874, and June 18, 1875, were not paid when due; nor is there evidence that the tim'e for the payment of the premium due in either of these years was extended by the agent of defendant with or without its knowledge. Nor does the case show that defendant’s agent had ever given credit to other persons with or without defendant’s knowledge; nor does the case show that the agent was authorized to give credit. The case does not show that defendant knew that its agent agreed to extend the time for the payment of the premium due June 18, 1876, or that defendant knew that its agent had received partial payments in cash and in farm produce; nor does the case contain evidence from which the trial court was justified in holding, as a matter of law, that defendant had received any part of such partial payments. *206 Marvin v. Universal Life Ins. Co., 85 N. Y., 278; Alexander on Life Insurance, 116, 117, 118.
This policy was not “issued or renewed” after the passage of chapter 311, Laws 1876, and it was unnecessary for the defendant to give the notice prescribed by that act.
In Wyman v. Phœnix Mutual Life Ins. Co. (10 N. Y. State Rep., 36) the policy was issued prior to the passage of this act; but after it took effect the policy was forfeited for the non-payment of a premium, and afterwards restored. This was held to be a “renewed policy ” within, the act, and that it should not be thereafter forfeited without giving the notice prescribed by the act. Such is not the case at bar.
Under the evidence, the defendant was entitled to a non-suit, because the plaintiff failed to show title to the policy, and because of the failure to pay the premium due June 18, 1876.
The judgment should be reversed and a new trial granted, with costs to abide the event. ■
Martin, J., concurs in the result.