ELIZA SCHNEIDER, Respondent, *v.* THE UNITED STATES LIFE INSURANCE COMPANY in the city of New York, Appellant.

A married woman may not claim the benefit of a policy of insurance upon the life of her husband, issued for her benefit, but without her knowledge, without at the same time assuming all the responsibility of a failure to perform its essential conditions.

Defendant, on the application of H., plaintiff's husband, issued a policy of insurance upon his life for her benefit; the policy contained the usual stipulation forfeiting it in case of non-payment of any premium when due. After service of the notice required by statute that a payment of premium would fall due at a date specified, and before it became due, H. presented and delivered to defendant the policy, and a paper under seal, purporting to be signed by plaintiff and duly acknowledged, which

contained a request that defendant accept a surrender of the policy, and also contained a release discharging it from all further liability thereon. Defendant, relying upon the paper, accepted the surrender, and delivered to H. a check for the surrender value of the policy, payable to the joint order of himself and plaintiff. The check was presented, with what purported to be plaintiff's indorsement thereon, and was paid. No premiums were thereafter paid upon the policy. Plaintiff's signature to the request, and the indorsement upon the check were forged; she received no part of the sum paid upon the surrender, and knew nothing as to its receipt or as to the issuing of the policy, until after the death of her husband. In an action upon the policy, there was no evidence of bad faith or negligence on the part of the defendant. *Held,* that plaintiff was not entitled to recover; that the surrender of the policy was void, but plaintiff could not assert this, and at the same time claim to be relieved from the payment of the premiums when due; and that the failure to pay rendered the policy void.

*Schneider* v. *U. S. L. Ins. Co.* (52 Hun, 130), reversed.

(Argued June 12, 1890; decided October 7, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made March 29, 1889, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

This action was upon a policy of life insurance.

The facts, so far as material, are stated in the opinion.

*O. P. Buel* for appellant. The policy, by its express terms, lapsed by reason of non-payment of the premium falling due April 17, 1886, after defendant had duly given the notice required by the act of 1877. Thereby the contract of insurance was terminated, and the defendant discharged from all liability under the policy. (*Holly* v. *M. L. Ins. Co.,* 105 N. Y. 437; *Fowler* v. *M. L. Ins. Co.,* 116 id. 389; *Frank* v. *M. S. Ins. Co.,* 102 id. 266; 117 U. S. 411, 413; *Williamson* v. *Brown,* 15 N. Y. 354; *C. V. Bank* v. *Delano,* 48 id. 326; Code Civ. Pro. § 937; Laws of 1870, chap. 710, § 3.) The case at bar is plainly distinguished from the *Whitehead* case by the absence here of the pivotal point upon which that case turned, to wit: fraud or negligence on the part of the insurance company, contributing to the default in the payment

of the premium. The objection that plaintiff's children did not consent to the surrender, has no force. (Laws of 1870, chap. 710, § 3 ; Laws of 1873, chap. 821 ; Laws of 1879, chap. 326.)

*Lucius McAdam* for respondent. The policy in question was a policy in favor of the wife under the statute, and is governed by all the provisions of the statutes relating to married women and by all the decisions of the courts of this state with respect thereto, which uniformly hold that such policy belongs to the wife and cannot be alienated or surrendered without her consent. (*Eadie* v. *Slimmon*, 26 N. Y. 9 ; *Barry* v. *E. L. Ins. Co.*, 59 id. 587 ; *Barry* v. *Brune*, 71 id. 261 ; *Fowler* v. *Butterly*, 78 id. 68 ; *Brummer* v. *Cohen*, 86 id. 11 ; *Baron* v. *Brummer*, 100 id. 372 ; *Whitehead* v. *N. Y. L. Ins. Co.*, 102 id. 152 ; *Olmstead* v. *Keyes*, 85 id. 593 ; *Stilwell* v. *M. L. Ins. Co.*, 72 id. 388.) In this case the policy was in favor of the wife, and in case of her death to her children. It was not surrendered by her nor by her children, both of whom were of age at the time alleged. Her pretended signature to the release was a forgery, and so if it be admitted that the act of 1873, chap. 821, applies to this policy, its provisions were not complied with. (*R. P. Co.* v. *O'Dougherty*, 81 N. Y. 482 ; *Stilwell* v. *M. L. Ins. Co.*, 72 id. 385 ; *People* v. *G. L. Ins. Co.*, 15 Abb. [N. C.] 75 ; 96 N. Y. 675.) It was the duty of the defendant company to see that the person assuming to surrender the policy was the wife and beneficiary under the policy. (*Morgan* v. *State Bank*, 11 N. Y. 404 ; *Weisser* v. *Dennison*, 10 id. 68 ; *Welch* v. *G. A. Bank*, 73 id. 424.) The question as to whether notice was sent of the premium due April 17, 1886, referred to in the answer in this case, is not material. ( *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 153.) After the pretended surrender of the policy under a forged instrument of release and surrender, the company never sent notice to any one of the falling due of premiums, so that no opportunity was given to the wife and children to keep the policy in force by the payment of premiums. (*Atty.-Gen.* v. *C. L. Ins. Co.*, 33 Hun, 138 ;

*Whitehead* v. *N. Y. L. Ins. Co.*, Id. 425; 102 N. Y. 143; *Leslie* v. *K. L. Ins. Co.*, 63 id. 27; *Meyer* v. *K. L. Ins. Co.*, 73 id. 516; *Carter* v. *B. L. Ins. Co.*, 110 id. 15; *Baxter* v. *B. L. Ins. Co.*, 41 Alb. L. J. 397.) The company had, by their acts of commission and of omission, disregarded the rights of the plaintiff and the rights of her children as they existed at the time of the bogus surrender. (Willard's Eq. Juris. 147, 148; *Jackson* v. *King*, 4 Cow. 221; *Babcock* v. *Eckley*, 24 N. Y. 632; *Covil* v. *Hill*, 4 Den. 328; *Root* v. *French*, 13 Wend. 572; *Barnard* v. *Campbell*, 55 N. Y. 462.) The company having absolutely refused payment of the policy, a tender of premiums on her part before suit brought was an unnecessary and useless performance. It was not required either in common sense or in law. (*Shaw* v. *R. L. Ins. Co.*, 69 N. Y. 292; *Atty.-Gen.* v. *G. L. Ins. Co.*, 82 id. 336.) The recovery is not limited to the surrender value of the policy at the time of such surrender.

O'Brien, J. In the year 1861, upon the application of the plaintiff's husband, Henry Schneider, the defendant issued its policy insuring his life for the benefit of the plaintiff. The policy contained the usual stipulation that in case the assured should fail to pay any quarterly premium when the same became due the policy should lapse and become null and void. The husband retained the policy in his possession and paid the premiums as they became due up to and including the premium, payable January 17, 1886. On the 15th day of March, 1886, the defendant duly served the notice required by the statute that another premium would fall due the seventeenth of April following. This notice was served upon the husband who had the policy in his possession, and who was the agent of his wife for the purpose of receiving the notice. (Laws of 1877, chap. 321.) This premium was not paid, and no notice was thereafter served by the defendant. On the 29th of March, 1886, while the policy was in force, the husband produced and surrendered the policy to the defendant and received $525, the surrender value, from the defendant, which was paid by its check to the joint order of the husband and the wife. The

check was presented, indorsed in proper form, paid by the bank and charged to defendant. At the same time the husband presented and delivered to the defendant a paper under seal, purporting to be signed by the wife and duly acknowledged before a commissioner of deeds, containing a request to accept the surrender of the policy and a release discharging the defendant from all further liability thereon. The company, relying upon this paper, paid the surrender value as above stated. The husband died in September, 1886, and until after that the wife had no knowledge of the existence of the policy and her signature to the paper containing the surrender and release, and the indorsement of her name upon the check was forged. She received no part of the $525 paid on the surrender of the policy. She demanded payment of the policy, and, upon refusal, presented proofs of the death, and then brought this action. It was found at the trial, as matter of law, that the surrender was void and the contract to pay in case of death was unaffected thereby. The plaintiff recovered, and the judgment was sustained by the General Term.

The conclusion of the trial court that the surrender was, as against the plaintiff, null and void, and which is clearly correct, renders it necessary for the plaintiff, in order to sustain the recovery, to meet and answer another objection that confronts her. The premium due on the 17th of April, 1886, was not paid. The notice required by the statute was served on the fifteenth of March preceding, and the existence of the policy as a valid contract of insurance, and the liability of the defendant thereon, depended upon the performance of this condition. The fraudulent surrender of the policy by the husband before the April premium became due, in no way excuses the failure to pay the premium, unless the defendant was in some way connected with that fraud, or guilty of some negligent act in regard thereto. There is no proof and no finding that it was. On the contrary the defendant seems to have been the innocent victim of a fraud perpetrated upon it by the husband, who was the plaintiff's agent in procuring the policy, paying the premiums and receiving the statutory notice

as to when they were due. The paper purporting to be signed by the plaintiff requesting the defendant to accept the surrender and releasing it from further liability, was in proper form. There was attached to it the certificate of an officer authorized to take and certify acknowledgments that the plaintiff appeared before him and duly acknowledged the instrument, and there was no circumstance that could warrant the defendant in doubting its genuineness. It has been found that the defendant relied upon it, and neither in the findings nor the evidence is there anything to be found to justify a suspicion of bad faith. It cannot be held that the transaction between the defendant and the husband, which resulted in the payment to him of the surrender value of the policy and upon which the defendant relied, was void, and at the same time relieve the plaintiff from the effect of a failure to perform the conditions upon which the existence of the contract depended. The plaintiff cannot claim the benefit of a contract made in her behalf but as it appears, without her knowledge, without at the same time assuming all the responsibility of a failure to perform its essential conditions. In those cases where a recovery has been permitted by the beneficiary, notwithstanding a surrender and release such as appears in this case, the party seeking to recover was able in some way to connect the company with the fraud, or to show some fault or negligent act on its part that excused the payment of the premium. ( *Whitehead* v. *N. Y. L. Ins. Co.*, 102 N. Y. 143; *Frank* v. *M. L. Ins. Co.*, Id. 266; *Knapp* v. *H. M. L. Ins. Co.*, 117 U. S. 411.)

The husband had the possession of the policy, and in dealing with the defendant in regard to it was treated as plaintiff's agent, and the rule that when one of two innocent parties must sustain a loss from the fraud of a third, such loss shall fall upon the one whose act enabled the fraud to be committed, applies to this case.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur.

Judgment reversed.