SOPHIA L. ROWE, Respondent, *v.* THE BROOKLYN LIFE INSURANCE COMPANY, Appellant.

*Life insurance — the notice to pay a premium must be served upon the person whose life is insured.*

The person to whom, under the provisions of chapter 341 of the Laws of 1876, as amended by chapter 321 of the Laws of 1877, a notice of the amount of the premium or interest due upon a life insurance policy, and of the place where and the person to whom it is payable is required to be mailed, as a condition precedent to the declaration of any forfeiture or lapse of a policy " hereafter issued or renewed," by reason of the non-payment of any premium

or interest thereon, is the person whose life is insured by the policy, and no notice need be given the beneficiary.

The statute in question applies to a policy issued before the passage of the act, but which has by the payment of premiums after its passage been "renewed" within the meaning of such act.

APPEAL by the defendant, The Brooklyn Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Oswego on the 13th day of April, 1896, upon the decision of the court rendered after a trial at a Trial Term of the Supreme Court held in and for the county of Oswego before the court without a jury.

The action was brought to recover upon a policy of life insurance issued on the 23d day of December, 1865, by the defendant. The policy stated that, in consideration of sixty-seven dollars and fifty cents "paid by Sophie L. Rowe, wife of Nathan M. Rowe, and of the annual premium of $67.50, to be paid * * * , do assure the life of Nathan M. Rowe * * * in the amount of $2,000, * * * and * * * do hereby promise and agree to and with the said Sophie L. Rowe well and truly to pay to her the said sum assured for her sole use, or in case she shall die before the said Nathan M. Rowe, to pay the said sum assured to her heirs, executors, administrators or assigns within sixty days after due notice and proof of the death of the said Nathan M. Rowe. * * * This policy * * * is granted by this company, and accepted by the said Sophie L. Rowe, upon these express conditions that * * * in case the said Sophie L. Rowe shall not pay, or cause to be paid, the premium, * * * or any note * * * given * * * in part payment of any premium, on the day or days when the same shall become due, except the note given for half the annual premium, * * * or shall not renew such last-mentioned note when the same shall become payable, and pay the interest or discount thereon, * * * this policy shall cease and be null, void and of no effect."

Nathan M. Rowe died on the 29th day of August, 1893. The defendant refused to pay the amount claimed upon the policy upon the ground "that the same had lapsed and was null and void, and that the insured and assured voluntarily lapsed said policy in 1883."

It was found as a fact that " premiums due upon said policy of

insurance were paid thereon after chapter 341 of the Laws of 1876 and chapter 321 of the Laws of 1877 of the State of New York had gone into effect."

It was also found as a fact " that no notice or notices " under chapter 321 of the Laws of 1877 were given to the plaintiff.

It was also found as a fact " that the defendant mailed a notice to said Nathan M. Rowe on the 21st day of November, 1883, claiming an amount due to it on policy No. 901, being the number of the plaintiff's policy on December 23, 1883, in apparent conformity to chapter 321 of the Laws of 1877."

It was found as a fact that Nathan M. Rowe was not the agent of the plaintiff in procuring said insurance or in any manner connected therewith. It was found as a matter of law that said policy was not forfeited nor lapsed and was in full force and effect at the time of the death of the said Nathan M. Rowe.

It was also found as a conclusion of law " that the service of the notice upon said Nathan M. Rowe in 1883 was not in compliance with chapter 321 of the Laws of 1877, in relation to the policy set forth in the complaint herein, and the giving of such notice did not affect the rights of the plaintiff, and such notice was not a notice to the said plaintiff."

It was also found " that any effect said notice might have had, and the right of the defendant to declare said policy forfeited and lapsed, were nullified and waived by the act of the defendant on the 26th day of December, 1883, by the letter that day written by the president of the company to the said Nathan M. Rowe, whereby the policy referred to in said notice was treated as a valid and existing contract, and not as forfeited or lapsed."

Proper exceptions were filed to the conclusions stated in the findings of fact and of law.

*William H. Ford,* for the appellant.

*L. C. Rowe,* for the respondent.

HARDIN, P. J. :

From the evidence it appears that a premium became due upon the policy upon the 23d of December, 1883. It further appeared

by the evidence that no premiums were paid after that date, and it was insisted by the defendant that the policy had lapsed.

A notice was issued by the secretary of the defendant stating the amount of premium due on policy No. 901, to wit, fifty-six dollars and sixty-three cents, and that it would fall due on the 23d of December, 1883, and to the effect that the premium was due and payable at the office of the company in the city of New York. The service of that notice was proven by an affidavit, pursuant to section 2, chapter 321 of the Laws of 1877. According to the affidavit, the notice was addressed to Nathan M. Rowe, Oswego, N. Y., properly inclosed in an envelope addressed to him, and the same was mailed in the post office in the city of New York, and the postage was prepaid thereon. The affidavit stated that the notice was mailed " at least thirty days, and not more than sixty days, prior to the date when the premium became due and payable on said policy."

It is apparent, by the terms of the policy which we have quoted, that it was necessary that the premiums should be paid to avoid the policy becoming void by the terms of the instrument.

Subsequent to the issuing of the policy the Legislature passed chapter 341 of the Laws of 1876, " regulating the forfeiture of life insurance policies," and in chapter 321 of the Laws of 1877 section 1 of the act of 1876 was amended. Section 1 of the act of 1877 provides that " No life insurance company doing business in the State of New York snall have power to declare forfeited or lapsed any policy hereafter issued or renewed, by reason of nonpayment of any annual premium or interest, or any portion thereof, except as hereinafter provided." Inasmuch as this policy was, by the payment of premiums thereon, renewed after the passage of that statute it applies to the policy in suit. (*Carter* v. *Brooklyn Life Ins. Co.*, 110 N. Y. 15.) In that case, RUGER Ch. J., said : " The law reads that the notice should be sent to the assured at his known place of address." That case was referred to with approval in *Phelan* v. *The Northwestern Mutual Life Ins. Co.* (113 N. Y. 147).

It is insisted in behalf of the plaintiff that the forfeiture cannot take place inasmuch as no notice was delivered to her in 1883, or subsequently, of the amount of the premium due upon the policy. On the other hand, the defendant claims that a service of notice

upon Nathan M. Rowe, as shown by the affidavit to have occurred in November, 1883, was a compliance with the statute, and that, therefore, the company having complied with the statute, is authorized to avail itself of the stipulations found in the policy of insurance to the effect that an omission to pay shall render the policy void and work a forfeiture.

In *McDougall* v. *P. S. L. A. Society* (135 N. Y. 555) the act of 1877 was under consideration, and in the course of the opinion it was said: "It (the act) was intended to and, undoubtedly, does subserve a useful purpose, in throwing about the contract between the insurer and the assured reasonable safeguards against a forfeiture or the lapsing of the interest of the assured. * * * The notice was to remind the assured of the privilege he possessed of electing to have the contract continued and extended over the ensuing year and of the conditions of its exercise. * * * The obligation of the statute must not be unreasonably insisted upon. * * * When applied to an insurance contract out of the ordinary form, it secures to the assured such a notice as will contain statements reminding him of when and where he is to make any payments pursuant to the terms of the contract, their amount and the effect of non-payment. The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement of a notice, couched in plain terms, from the insurer, before the interest of the assured could be forfeited."

In section 1 of the act of 1877 it is expressly provided that the notice stating the amount of the premium, and the place where it shall be paid, and the person to whom the same is payable, "shall be duly addressed and mailed to the person whose life is assured;" and in section 2 of the same act, providing for the affidavit showing that such notice has been mailed, it is provided that any one authorized by the preceding section to mail such notice may state "that the same was duly addressed to the person whose life is assured by the policy." The statute seems to be clear and explicit that the notice shall be given to the person whose life is assured.

The respondent calls our attention to *Ferdon* v. *Canfield* (104 N. Y. 146). In that case the controversy arose over the ownership of the policy which was issued on the life of one Canfield, payable to his wife and children, who were "expressly declared to be the assured," and

it was said that "The society assures the life of the said Samuel W. Canfield." In the course of the determination of the question involved in that case no reference was had to the statute now under consideration.

It is a familiar rule that a construction of a statute is to be preferred that shall give full significance to all the words thereof. It is difficult to construe the phrase "the person whose life is assured," found in section 1 of the act of 1877, and occurring again in section 2 of the same act, to wit, "to the person whose life is assured by the policy," without declaring that the Legislature, by the use of those words, intended to prohibit insurance companies from declaring a forfeiture until such notice had been given to the person upon whose life the policy of insurance had been issued.

In *Baxter* v. *Brooklyn Life Ins. Co.* (29 N. Y. St. Repr. 592) O'BRIEN, J., said : "The purpose of the statute referred to was to establish a rule which would preserve to the assured the benefit of premiums paid and to prevent the lapse of policies of life insurance without ample notice and an opportunity to save them from forfeiture by payment of premiums due within the specified time, and at the same time secure to the company, in case it is obliged to pay, the full amount of the premiums which the policy calls for."

The evidence in the case before us discloses that Nathan M. Rowe had been accustomed to pay the premiums upon the policy that was issued upon his life. No valid reason can be suggested why it was not competent for the Legislature, in accordance with the usual practice in insurance cases, to provide that the notice to be given should be addressed to the party whose life is assured. It is generally understood that the person whose life is assured, more frequently than any other person, pays the premium to procure, as well as the premium to continue in force, the policy issued upon his life. After the notice was received by the assured, evidently he, for some ten years, omitted to pay any premiums upon the policy. As we have seen, the policy expressly provided that in case the premium was not paid, that the policy "shall cease and be null, void and of no effect."

In 1892, by chapter 690 of the laws of that year, the general provisions of the Insurance Law were revised, and chapter 341 of the Laws of 1876 and chapter 321 of the Laws of 1877 were repealed,

and in the 92d section of the act of 1892 the substance of the statute of 1877 was incorporated, and in the provision as to notice being given before a forfeiture should take place, it was provided that the notice "shall be duly addressed and mailed to the person whose life is insured." The latter words seem to be consistent with the construction which we have intimated should be placed upon the provision found in section 1 of the act of 1877.

The foregoing views lead to the conclusion that the policy in suit lapsed in 1883, and that when the party whose life was assured died in 1893 the policy was not in force.

(2) We are not satisfied upon the evidence that any waiver took place, and, therefore, the policy was null and void after the lapse of time mentioned in the notice served by the defendant upon the person whose life was assured.

In *Wyman* v. *P. M. L. I. Co.* (119 N. Y. 274) it appeared "that the default was occasioned by the acts" of an agent of the company. The evidence in the case before us fails to establish that the default was by reason of any act or influence of the defendant, and the case, therefore, differs very essentially from the *Wyman* case.

The case in hand differs very essentially from *Brink* v. *Hanover Fire Insurance Company* (80 N. Y. 108). In that case it was said that the facts disclosed are significant of "an implied admission on the part of the company that the plaintiffs had not forfeited the policy." We think the evidence in the case in hand is insufficient to support a finding of waiver.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concurred.

Judgment reversed and a new trial ordered, with costs to abide the event.