Sugg v. Assurance Society.

C. F. SUGG *v.* EQUITABLE LIFE ASSURANCE SOCIETY.

(*Jackson.* April Term, 1906.)

1. **LIFE INSURANCE.** Nonpayment of premium after payment of so many premiums and death of assured entitles beneficiary to proceeds of paid up policy, and not of term policy, when.

Where a life insurance policy provides that it shall be forfeited on the nonpayment of any premium, except that, when premiums have been paid for periods shown by certain tables in the policy, there will be granted, without any action on the part of the assured, paid up life assurance for the amount fixed in said table, or in lieu thereof, at the option of the assured, (1) the cash value fixed in said table, upon the due surrender of the policy, or (2) provided this policy is surrendered within the thirty days of grace, or with satisfactory evidence of good health within one year thereafter, a paid up term policy for the full amount thereof for the time stated in said table, the failure to pay a premium and failure to exercise any option and the subsequent death of the assured entitles the beneficiary to the proceeds of a paid up policy only, and not to the proceeds of the term insurance. (*Post, pp.* 660-667.)

Cases cited and approved: Anderson v. Insurance Co. (oral opinion); Knapp v. Insurance Co., 117 U. S., 414; Insurance Co. v. Meinert, 199 U. S., 171; Cravens v. Insurance Co., 148 Mo., 611; Schneider v. Insurance Co., 123 N. Y., 114.

2. **SAME.** Demurrer to bill for collection of policy should be overruled, where the bill shows forfeiture obviated by statements of a duly authorized agent of the insurance company.

Where a bill in chancery to collect a life insurance policy alleges that complainant, the assignee of the policy, called at the office of the insurer on the day that the premium was due for the purpose of paying the same, and so informed the duly authorized

Sugg v. Assurance Society.

agent of the insurer, and that he was informed by said agent that the insurance company had granted an extended term insurance to the insured, and promised to notify the assignee, if such insurance had not been extended, but that said agent and said company failed to do so, a demurrer to said bill should have been overruled, answer permitted, and proofs allowed. (*Post, pp.* 667-671.)

3. **SAME.** Same. **Estoppel to insist on forfeiture obviated by statements of the company's duly authorized agent.**

A life insurance company is estopped to insist on a forfeiture of the policy, where the insured, or his assignee, is misled by the statements of the duly authorized agent of the company, and is thereby caused to pursue a course that creates ground for forfeiture, although the policy provides that it and the application constitute the contract, which cannot be varied, except in writing by certain executive officers, and the said duly authorized agent is not one of them. (*Post, pp.* 669-671.)

Cases cited and approved: Insurance Co. v. Booker, 9 Heis., 606; Murphy v. Insurance Co., 3 Bax., 440; Insurance Co. v. Fallow, 110 Tenn., 720; Leslie v. Insurance Co., 63 N. Y., 27.

---

FROM SHELBY.

---

. Appeal from the Chancery Court of Shelby County.— F. H. HEISKELL, Chancellor.

FINLEY & FINLEY, for complainant.

HENRY CRAFT, for defendant.

MR. JUSTICE MCALISTER delivered the opinion of the Court.

The object of this bill is to recover the sum of $1,000 alleged to be due on a policy of life insurance issued by the defendant company to one Jno. W. Boyd and by the latter assigned to the complainant to secure the payment of a debt which exceeded the face amount of the policy. The policy was issued on the 27th of September, 1901, and provided for the payment of a premium of $33 on the 27th day of September of each year. The insured, John W. Boyd, died November 14, 1904. At the time of his death there had been paid three annual premiums, but the last premium, due and payable September 27, 1904, had not been paid. The policy is made an exhibit to the bill, and among other provisions necessary to be noticed are the following:

"Clause 7. This policy shall lapse and, together with all premiums paid thereon, shall forfeit to the society on the nonpayment of any premium when due, except that, provided premiums shall have been paid for the periods respectively mentioned in the following table, there shall be granted, without any action on the part of the assured, paid-up life assurance for the amount fixed in said table; or in lieu thereof, at the option of the assured, (1) the cash value fixed in said table upon the due surrender of its policy to the society at its home office in New York City at any time after its termination; or (2) provided this policy is surrendered within the days of grace, or with satisfactory evidence of good health

within one year thereafter, a paid-up term policy for the full amount assured under this policy for the time stated in said table."

The theory of the bill is that when default was made in the payment of the last premium, due September 27, 1904, the policy was not forfeited, but that by virtue of clause 7, already quoted, the insurance was extended for a period of four years and eleven months.

The defendant company demurred to a portion of the bill and answered the remainder. In its answer it admitted that, notwithstanding default in the payment of the premium due September 27, 1904, the assured was, under the automatic action of clause 7 of the policy, entitled to a paid-up policy for $150, and that the court might treat the case as if this paid-up policy for $150 had been issued to the assured before his death, and accordingly might pronounce a decree for such amount.

The answer further averred that the company had offered, recently after the death of assured, to pay to the assignee of the policy this sum of $150.

The company demurred to the bill so far as it sought to recover any amount in excess of the sum of $150 admitted by defendant to be due, averring that the policy had been forfeited for nonpayment of the premium due September 27, 1904; (2) that the alleged agreement made by the agent was by the terms of the policy unauthorized. The disposition of the demurrer depends upon a proper construction of clause 7 of the policy already quoted. It is insisted on behalf of the demur-

rant that clause 7, when properly construed, provides that when three annual premiums shall have been made, and default is made in the payment of the fourth premium, that there will be granted without action on the part of the assured (1) a paid-up policy for the amount fixed in the annexed table, to wit, the sum of $150; (2) a loan or cash surrender value of the policy for the amount stated in the table, to wit, the sum of $40; or (3) extended term insurance—that is to say, an extension of the full amount of the policy for the period fixed in the table, to wit, four years eleven months.

The insistence of counsel for the complainant is that the phrase "without action on the part of the assured" is not confined to any one of these three privileges, but that it applied to extended term insurance, as well as to a paid-up policy, or to a cash surrender value. In the language of counsel, the argument is that "after three premiums are paid, if the fourth premium is not paid, the full benefits of the policy ceased, and the contract automatically offers the insured three different and inconsistent options, and a selection by the assured (or his assignee) is necessary to designate the option. It is certainly not the intent of the policy that the insurer should make the choice. It is the intent of the policy that the insured should remain insured, and not that the insurer should compel him to select something he does not want."

On the other hand, the insistence of counsel on behalf of the company is that the assured, after default in the

payment of the premium and his failure to exercise any one of the options, had no further interest in the policy, except the right to demand a paid-up policy of $150. We are of opinion that this construction of the policy is sound, and that the contention made on behalf of the complainant is not maintainable. This is perfectly apparent from a careful reading and analysis of clause 7 of the policy, which provides: "This policy shall lapse and, together with all premiums paid thereon, shall forfeit to the society on the nonpayment of any premium when due, except that, provided premiums have been paid for the periods respectively mentioned in the following table, there will be granted, without action on the part of the assured, paid-up assurance for the amount fixed in said table." It is conceded that this sentence only provides for the paid-up policy without action on the part of the assured for the amount fixed in the annexed table, to wit, $150.

It thus appears that, if no other settlement is selected by the assured in the manner provided by the policy, an automatically paid-up policy for $150 is due and payable by the company; but, as we have already seen, the assured has two other options offered to him in the following clauses of the same sentence, viz.: "Or, in lieu thereof, at the option of the assured, (1) the cash value fixed in said table, upon the due surrender of this policy to the society at its home office in New York City, at any time after its termination or (2) provided this policy is surrendered within the days of grace,

or with satisfactory evidence of good health within one year thereafter, a paid-up term policy for the full amount assured under the terms of this policy for the time stated in said table [to wit, four years eleven months]."

It will be observed, however, that the other options may be exercised by the insured upon the condition that the original policy is surrendered to the society within the days of grace (thirty days after forfeiture—fourth clause), or within twelve months, with a certificate of good health. It is only upon a compliance with these conditions that the assured is entitled to a paid-up term policy "for the full amount insured under this [the original] policy, for the time stated in the table." Now, it is perfectly clear that, if the assured had exercised this option and surrendered the original policy, he would have been entitled to an extended term insurance for $1,000, which would have expired by limitation at the end of four years eleven months.

We held at the present term, in *Eliza G. Anderson et al.* v. *Conn. Mutual Life Ins. Co.* (no written opinion), that where by the terms of the policy the insured is entitled to a paid-up policy for a part of the same insurance, provided he surrenders the original policy within a designated period after the failure to pay a premium, the surrender of the policy within the time designated is a condition precedent to the right to demand the paid-up insurance. It is not charged in the present bill that the insured had surrendered or offered to surrender the original policy herein for the purpose of exercising either

of the options guaranteed him by the contract of insurance. On the contrary, the original policy is annexed to the present bill and is the basis of -the suit now sought to be maintained.

In *Knapp* v. *Homeopathic Mutual Life Ins. Co.,* 117 U. S., 414, 6 Sup. Ct., 807, 29 L. Ed., 960, the policy in suit contained the following clause: "This policy of insurance, after two annual premiums shall have been paid thereon, shall not be forfeited or become void by reason of the nonpayment of a premium; but the party insured shall be entitled to have it continued in force for a period to be determined as follows, to wit: The net value of the policy, when the premium becomes due and is not paid, shall be ascertained according to the 'combined experience' or 'insurer's' rate of mortality with interest at. fourteen per cent. per annum. Four-fifths of such net value shall be considered as a net single premium of temporary insurance, and the term for which it will insure shall be determined according to the age of the party at the time of the lapse of premium and the assessments of mortality and interest aforesaid, or, at his option, may receive a paid-up policy for the full amount of premium paid: Provided that, unless this policy shall be surrendered and such paid-up policy shall be applied for within ninety days after such nonpayment as aforesaid, then this policy shall be void and of no effect."

Mr. Justice Gray, in dealing with this clause of the policy, said: "The single purpose of this clause is that,

after two annual premiums shall have been paid, a failure to pay any subsequent premium shall not have the effect of voiding the whole insurance, but the assured shall have the right of an insurance for such a sum and such a time as the premiums already paid would equitably cover. The policy does not declare that it shall continue of itself without any act of the assured. On the contrary, it stipulates that 'the party insured shall be entitled to have it continued in force for a period to be determined' by ascertaining according to certain rules the net value of the policy at the time of failure to pay a premium, and making the amount of that value, considered as a single premium, the basis for determining, or for which there shall be a temporary insurance for the full amount of the original policy. It then prescribes an alternative by which the party insured 'at his option may receive a paid-up policy for the full amount of premium paid.' In short, the forfeiture of the policy by a failure to pay any premium after the first two is not absolute but qualified; and the party insured is entitled to be insured according to the sum already paid in premiums, either for the full amount of the original policy, so long as that sum would pay for it, or else for the full term of the original policy for such amount as that sum would pay for. Then follows the proviso: 'That unless this policy shall be surrendered and such paid-up policy shall be applied for within ninety days afted such nonpayment as aforesaid, then this policy shall be void and of no effect.'

Sugg v. Assurance Society.

It is contended on behalf of the plaintiff that the words 'such paid-up policy' show that this provision refers only to a new insurance determined by the second method (that is, for the full term of the original policy, and for an amount dependent upon the sum already paid in premiums), and that, if the assured does not seasonably apply for such an insurance, she still remains insured for the full amount for a time computed according to the sum paid. But the proviso does not say that, upon a failure to surrender the original policy and to apply for a paid-up policy, the original policy shall stand good for a temporary insurance, but that it 'shall be void and of no effect.' . . . Taking the whole clause together, it is clear that the assured is to have the benefit of that sum in one of two ways at her election, and that election must be made within a certain time. As that time expired without any election, or any excuse for not making one, the forfeiture became complete under the express provisions of the policy, etc." *Cravens* v. *New York, etc., Ins. Co.,* 148 Mo., 611, 50 S. W., 519, 53 L. R. A., 305, 71 Am. St. Rep., 646; *Schneider* v. *U. S. Life Ins. Co.,* 123 N. Y., 114, 25 N. E., 321, 20 Am. St. Rep., 727; *Nederland Life Ins. Co.* v. *Meinert,* 199 U. S., 171, 26 Sup. Ct., 15, 50 L. Ed., 139. In view of these authorities and the failure of the assured to apply for an extended term insurance, we are of opinion the policy was forfeited, except as to the sum of $150 admitted by the company to be due as paid-up insurance.

Complainant insists, however, that, whatever construc-

tion may be placed on clause 7 of the policy, the company is estopped to deny that the policy was extended for four years eleven months from September 27, 1904, on account of certain statements and representations made by one of its duly authorized agents. The allegation of the bill on this subject is that three annual premiums had been paid on the policy, and on the very day the fourth premium had become due, to wit, September 27, 1904, the complainant, Sugg, assignee of the policy, "called at the office of the company in the city of Memphis, and stated to the duly authorized agent of the defendant that he was ready to pay the fourth premium on said policy, and complainant was informed by said agent that the defendant had granted the extension provided by said policy to John W. Boyd (the assured); that complainant told said agent that if said insurance was not extended, so that said policy would remain in force, complainant was ready to pay the premium, and requested said agent to notify complainant at his post office in Lauderdale county, Tennessee, and stated that he would pay same, and said agent agreed to do so; and that complainant has never received any notice of any kind from defendant or its agents, and complainant was then and has ever since been willing to pay same if defendant had notified him that it claimed the same."

The bill further alleges "that by the representations of said agent he was induced to believe, and did believe, that the policy had been extended for the period of four years eleven months from September 27, 1904, that he

acted thereon, and that he had never been notified to the contrary in any manner by defendant."

The demurrer on behalf of the company proceeds upon the idea that this allegation of the bill contravenes clause 14 of the policy, which is as follows: "The policy and the application therefor, taken together, constitute the entire contract, which cannot be varied, except in writing by one of the following executive officers of the society at its home office in New York, viz.: The president, one of the vice presidents, the secretary, the assistant secretary, the comptroller, the actuary, the assistant actuary, the treasurer, the auditor, the associate auditor, the recorder, the registrar, or the assistant registrar."

As already seen, the allegation of the bill is that the assignee of the policy appeared at the office of the company in the city of Memphis on the day the last premium was due for the purpose of paying the same, when he was informed by the duly authorized agent of the company that the company had granted the extension provided by said policy to John W. Boyd, the assured, and promised to notify said assignee at his post office if said insurance had not been extended, so that said policy would remain in force. If the complainant was misled by the statements of a duly authorized agent of the company, it is clear the company is estopped to insist upon a forfeiture of the policy. While the bill fails to state the name of the duly authorized agent of the company, or the position he occupied, the demurrer ad-

mits that he was duly authorized. No exception is taken by the demurrer to the indefiniteness of the bill on this subject, and we think that the company should be required to answer.

In *Life Ins. Co.* v. *Fallow,* 110 Tenn., 720, 77 S. W., 937, this court said: "But the law is equally well settled that insurers are estopped to insist upon forfeitures for nonpayment of premiums when due, when by any course of action, representation, or dealing the assured had been led to believe that the forfeiture will not be insisted upon; or, as was said in *New York Life Assurance Co.* v. *Eggleston*: 'Any agreement, declaration, or course of action on the part of an insurance company, which leads a party honestly to believe that by conformity thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will and ought to estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract. The company is thereby estopped from enforcing the forfeiture.'"

In the same case it was said as follows: "But in this State the rule has been given a larger scope, and it has been held that a general agent may waive conditions in the policy, and that the company will be thereby estopped to insist upon them in the enforcement of a forfeiture, when such agent acts within the apparent scope of his employment as agent of the company." *Murphy* v. *Continental Life Ins. Co.,* 3 Baxt., 440, 27

Am. Rep., 761; *Southern Life Ins. Co.* v. *Booker*, 9 Heisk., 606, 24 Am. Rep., 344.

In *Leslie* v. *Knickerbocker Life Ins. Co.*, 63 N. Y., 27, it appeared that an agreement was made by a "person standing at the insurer's desk" of the defendant company to notify the assignee when the premium was due on the policy, and no notice, in conformity to said agreement, was given, the company was adjudged liable. The court in the midst of its opinion said: "Even if there had been no primary hostile intent in the action of one who may in a certain event become entitled to a forfeiture, or other right arising from nonperformance of a condition, if by his act he has induced another to omit strict performance, he may not take the benefit or exact the forfeiture."

Still we do not undertake to adjudge the liability of the company on the alleged estoppel arising from the representations of the alleged duly authorized agent. We think the case should be remanded for an answer and proof on this subject.

Reversed.