SADIE RUCKENSTEIN, Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

(Argued December 6, 1933; decided January 9, 1934.)

*Dean Potter* for appellant. The policy was not surrendered within the grace period, nor was anything done which harmed plaintiff's rights. The $20,000 policy lapsed for non-payment of the premium due. The insured's application made within the grace period preserved $5,000 of insurance for plaintiff's benefit. (*Rowe* v. *Brooklyn Life Ins. Co.*, 11 App. Div. 532; 162 N. Y. 604; *Frank* v. *Mutual Life Ins. Co.*, 102 N. Y. 266; *Schneider* v. *U. S. Life Ins. Co.*, 123 N. Y. 109; *Leonhard* v. *Providence Sav. Life Assur. Soc.*, 130 Fed. Rep. 287.)

*J. Emanuel Ankus* for respondent. Plaintiff is entitled to recover on the $20,000 policy. (*Whitehead* v. *N. Y. Life Ins. Co.*, 102 N. Y. 143; *Garner* v. *Germania Life Ins.*

*Co.*, 110 N. Y. 266; *Stilwell* v. *Mutual Life Ins. Co.*, 72 N. Y. 385; *Frick* v. *Lewellyn*, 298 Fed. Rep. 803; *Anderson* v. *Northwestern Mut. Life Ins. Co.*, 261 N. Y. 450; *Chatham Phenix Nat. Bank* v. *Crosney*, 251 N. Y. 189; *Grems* v. *Traver*, 87 Misc. Rep. 644; *Matter of Hayes*, 224 App. Div. 634; *Howard* v. *Hancock Mut. Life Ins. Co.*, 111 Misc. Rep. 442.)

POUND, Ch. J. Plaintiff sues to recover $20,000, the face value of a policy issued on the life of her husband in which she was named as irrevocable beneficiary.

The facts are conceded. Plaintiff's deceased husband, Max Ruckenstein, was insured by defendant on February 14, 1929, for $20,000 by life insurance policy No. 5668378A. Plaintiff was named as beneficiary and the insured did not reserve the right to change the beneficiary. Two full years' premiums were paid and loans were made to the limit of the paid-up value. The beneficiary consented to these loans. The third premium was due February 14, 1931. The days of grace expired March 17, 1931. On March 14, 1931, the insured and defendant entered into an arrangement whereby defendant agreed to accept surrender of the $20,000 policy and to issue in its place a new policy under the same policy number for $5,000. The insured at the same time gave a check for $44.65, the amount of the quarterly premium on the $5,000 policy, delivered up the original policy to the defendant and signed an application for the change. The new policy was not to go into effect unless delivered during the good health of the insured. Plaintiff did not consent to the change, cancellation or reduction of the policy and so far as the record shows was in ignorance of the proposed transaction. On April 12, 1931, the defendant tendered the new policy and asked plaintiff to sign a consent to the reduction. The insured had died two days before. The beneficiary refused to recognize the change and demanded the face value of the original policy less any proper deductions.

The trial court gave judgment to the plaintiff for $5,000

pursuant to defendant's offer but refused to permit a recovery for $20,000. The Appellate Division invoked the rule that if a beneficiary has a vested interest in the contract of insurance, the insured cannot surrender the policy so as to defeat the rights of the beneficiary thereunder, without her consent (*Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143; *Chatham Phenix Nat. Bank & Trust Co.* v. *Crosney*, 251 N. Y. 189; *Anderson* v. *Northwestern Mut. Life Ins. Co.*, 261 N. Y. 450), reversed the judgment of the trial court and granted judgment for the amount claimed on the $20,000 policy. In so doing the court held that the old policy remained a binding obligation, in the absence of plaintiff's consent to the change. Since the wife was the owner of the policy, her interest therein could not be divested without her consent so long as the policy remained a valid policy.

The husband was the agent for the wife for the purpose of receiving notices of premiums falling due and notice to him was equal to a demand on her, at least no other demand on her was necessary. The notice to the husband was equivalent to a demand of the premium from her. She, therefore, was chargeable with notice that the policy would lapse if the premium was not paid. If the premium is not paid no recovery can be had on the policy. It cannot be said that default in this case was brought about by any wrongful act of the insurance company but for which a lapse might not have occurred. Had that been the case, the result might be different. Fraud or lack of authority to surrender is at times properly invoked when the company is aware of the attempt to cut off the rights of the beneficiary-owner. It cannot then claim a lapse for non-payment of premiums. This policy was not surrendered during the grace period nor was anything done which harmed plaintiff's rights. The insured entered into negotiations to reduce the insurance to $5,000 and paid a quarter's premium on the reduced amount. This was not a surrender of the old policy. It was a mere application to change it. If the premium

on the $20,000 were not paid, the policy would lapse. If it had been paid, it would have remained in force. The insurance company gave up no rights. It waived none. It never deceived the beneficiary into the belief that the premium need not be paid, even though the surrender should not take place until after the lapse date had passed.

The court below held that the time to pay was extended until the attempted change was brought to the notice of the beneficiary. This does not follow from the rule that the owner must consent to the surrender. Her consent was necessary to effectuate the change of a policy in force when the change was made. The husband was under no obligation to his wife to pay the premium. He might let the policy lapse.

If negotiations begun but not completed for a change in the amount of the insurance are sufficient to prevent the policy from lapsing while the negotiations are pending, the insurance company enters upon such negotiations at its own risk. Cases where the insurance company accepted a surrender when the policy was in force, without the consent of the beneficiary, have no binding application here. The wife must perform all the essential conditions on her part to keep the policy alive. (*Frank* v. *Mutual Life Ins. Co.*, 102 N. Y. 266; *Schneider* v. *U. S. Life Ins. Co.*, 123 N. Y. 109; *Leonhard* v. *Provident Sav. Life Assur. Soc.*, 130 Fed. Rep. 287.)

In this case both husband and insurance company were acting in good faith to save something for the plaintiff. Meantime the policy was allowed to lapse. Whatever plaintiff might have done, she is now suing on a lapsed policy and she cannot recover. A new policy was taken out and recovery has been allowed on that policy.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

Crane, Lehman, Kellogg, O'Brien, Hubbs and Crouch, JJ., concur.

Judgment accordingly.