15697

ANAGNOST v. METROPOLITAN LIFE INSURANCE COMPANY
(32 S. E. (2d), 561)

*Messrs. Tinsley & McGowan* and *Mr. Charles A. Young,* all of Greenwood, S. C., Counsel for Appellant,

*Messrs. Grier, McDonald & Todd,* of Greenwood, S. C., and *Messrs. Elliott, McLean, Wardlaw & Elliott,* of Co-

lumbia, S. C., Counsel for Respondent,

December 27, 1944.

MR. ASSOCIATE JUSTICE TAYLOR delivered the unanimous Opinion of the Court:

This case comes here on appeal from the Court of Common Pleas of Greenwood County, Honorable P. H. Stoll presiding. The suit sought recovery on a $2,000.00 policy of life insurance issued by respondent, the Metropolitan Life Insurance Company, on the life of one Peter Anagnost, the appellant, Mrs. Joan Anagnost, being the beneficiary named therein. The policy was issued in April, 1930, to insured while he was a resident of New York State.

On trial, at the close of plaintiff-appellant's case, defendant-respondent moved for and was granted a directed verdict in favor of plaintiff in the amount of $292.00, with accrued interest, which amount respondent admitted was due. The appeal is from that verdict.

The evidence and pleadings show that in the latter part of November, 1936, the policy of insurance was surrendered to and cancelled by the respondent company at the instance of the insured, the appellant not being a party to the application for the cash surrender value. The evidence further shows that the policy of insurance involved made no reservation of the right to change the beneficiary.

There is some conflict in the testimony as to the status of the policy as to premium payments at the time of surrender. The respondent contends that the last premium payment was made on October 28, 1936, representing the premium due October 1, 1936. Appellant ar-

gues that a document variously referred to (by appellant's counsel) as on the application for cash surrender value and (by respondent's counsel) as an inter-office communication of respondent, shows that premiums were paid to and for the month of November. This document, or a photostatic copy thereof, was supplied to appellant by respondent, and has printed thereon "Premiums paid to and for month of —————" Over the blank so provided appears the following, evidently made by the use of a rubber stamp or some similar device, "Nov. 27, A. M." The quotation is all that is legible of the stamped portion. Appellant contends that the stamp indicates that the premium was paid to and for the month and date indicated; respondent, on the other hand, through counsel, urges that the date is that of the receipt of the document in some department of respondent's home office. We think this poses a jury question as to the conclusion to be drawn as to the premium status. We are strengthened in view by the reaction of the trial Judge when this matter was first referred to in the case. At that time the following transpired.

"Q. If this is correct (indicating Exhibit "C") that is still another month in advance? A. To November 27.

"Q. Paid for the month of November 27? A. Yes, sir.

"Counsel for Defendant.—I think that the date he is reading shows when it was received by some office. It was not meant for the month the premium was due. That happens to be a stamp put on there.

"Court—I can't pass on it. Go ahead."

As was observed by the trial Judge, it was not a matter for him to pass on; it was a factual matter for the jury only.

Regardless of the above, however, we believe that even though the contention of respondent be accepted, the policy was surrendered for its cash value while yet in force. The surrender took place in November, 1936, and if, as urged by respondent, the premium was paid to November 1, 1936,

then the grace period of 31 days would bring the surrender well within the admitted life of the policy.

The foregoing brings us to a consideration of the effect of the cancellation under the circumstances.

We are of the opinion that no right to change the beneficiary having been reserved in the policy, the company had no right to accept the policy for cancellation upon the application of the insured and without the consent of the beneficiary. This was clearly in direct conflict with the policy itself, and constituted some evidence of fault or negligence on the part of respondent, thereby bringing the case within *Schneider v. United States Life Insurance Company,* 123 N. Y., 109, 25 N. E., 321, 20 Am. St. Rep., 727, cited by both appellant and respondent in their briefs. In that case, a paper was presented to the insurance company purporting to have been signed by the beneficiary, and a certificate of an officer authorized to take acknowledgments was attached, to the effect that the beneficiary appeared before him and acknowledged the instrument. In the case at bar, the respondent admits in its answer that the application for cash surrender value was signed and executed only by the insured. Respondent chose to act on that application, and we cannot hold as a matter of law that it was without fault in so doing, nor that appellant was not excused from the payment of further premiums thereby. See also 29 Am. Jur., 361. "* * * according to the general rule, the wrongful termination, cancellation or declaration of forfeiture of an insurance policy by the insurer, or the doing of any act by the insurer which is tantamount to the declaration of refusal to receive the premium if tendered, will excuse the further tender of premium or assessments by the insured. (Or, we add, the beneficiary, in the instant case.)"

For the reasons stated this Court is of the opinion that the exceptions of appellant should be sustained and the case

remanded to the Circuit Court for new trial, and it is so ordered.

Mr. Chief Justice Baker and Messrs. Associate Justices Fishburne, Stukes and Oxner concur.