Lee Parsons Davis, Off. Ref.
The defendant, a foreign corporation appearing specially, moves to vacate service of process. It is conceded that service was effected upon Broadway Resort Service by one of . its partners. This concern, not named as a defendant, has its office in New York City and is engaged in the independent business of distributing information, soliciting business and making reservations for various resort hotels, one of which is the defendant. The hotel of the defendant, located in Miami, Florida, is listed in the Manhattan telephone directory, the number and address given being that of the Broadway Resort Service. It is advertised in the New York City newspapers and the advertisements carry a reference to its “ New York Office ”, the address given being also that of the Broadway Resort Service.
The Broadway Resort Service is paid an annual retainer by the defendant and also bonuses. It is authorized to solicit and correspond with prospective guests and to distribute literature. To accelerate the performance of these services it is supplied by the defendant with literature and envelopes bearing the imprint of the Belmar Hotel or giving the address of its New York office. It exercises considerable authority on behalf of the defendant in relation to the making of reservations, and at least during the so-called “ off season” is per-
*892 Plaintiff cites as authority for her contention that the consent of plaintiff was necessary, the case of Anderson v. Northwestern Ins. Co. (261 N. Y. 450). In that case the court did hold that the consent of the assured was necessary by reason of the fact that there was not in that policy a provision giving to the assured a right to assign the policy without the consent of the beneficiary. Such a provision is present in our case in the above-quoted language of the policy, itself.
Ferdon v. Canfield (104 N. Y. 143) had to do with a policy taken out by the beneficiary. Accordingly the contract was one between the insurance company and the beneficiary. Boffa v. Bone (121 N. Y. S. 2d 709) and Caplin v. Penn Mut. Life Ins. Co. (182 App. Div. 269), also cited by plaintiff, are distinguishable too.
In Ruckenstein v. Metropolitan Life Ins. Co. (263 N. Y. 204) the wife of the assured was named as irrevocable beneficiary in a policy, the face amount of which was $20,000. The husband, without the wife’s knowledge or consent, borrowed on the $20,000 policy and subsequently renegotiated it for a $5,000 policy. Upon his death the wife tried unsuccessfully to recover on the $20,000 policy and it was held that the insured had the right to renegotiate the policy without her consent and that in consequence she was limited in her recovery to the proceeds from the $5,000 policy. Accordingly this case is not authority, as plaintiff incorrectly contends, for the proposition that the irrevocable beneficiary of a life insurance policy has rights therein of which she cannot be divested without her consent. The case holds exactly the contrary. The rights of the beneficiary under a policy are subject to the language and terms of the provisions of the policy, itself, and accordingly, they may be destroyed by a change of beneficiary (where such right is reserved under the contract provisions of the policy) or rendered less valuable or destroyed by loans (where the right to grant loans to the insured is contained in the policy provisions, as it is here). (Wagner v. Thieriot, 203 App. Div. 757, affd. 236 N. Y. 588; Bradshaw v. Mutual Life Ins. Co. of New York, 187 N. Y. 347.)
Accordingly under the facts which are not disputed, we necessarily come to the conclusion that there is no issue which requires trial. Defendant’s motion is granted. It is not necessary to pass upon the plaintiff’s application to examine the defendant before trial.