UNITY MUTUAL LIFE ASSURANCE ASSOCIATION *vs.* ELLEN DUGAN & another.

Suffolk. Nov. 19, 1874. — Sept. 3, 1875. WELLS & DEVENS, JJ., absent.

A life insurance policy, issued to a husband for the sole use of his wife, provided that no assignment thereof should be made except for the benefit of the wife and children of the assured, if there should be any such, and that any assignment made except as therein permitted should be void. The assured assigned the policy, while his wife and children were living, to his sister, with the assent of the president of the company, to secure in part his past debts to her and their mother, and in part to secure the future support of himself and his children. After the assignment the sister paid several premiums to keep the policy alive, and on the death of the assured was appointed administratrix of his estate. *Held,* upon a bill of interpleader by the insurer after the death of the wife, who survived her husband, to determine to whom it should pay the proceeds of the policy, that the assignment of the policy was void under the Gen. Sts. *c.* 58, § 62, and the provision in the policy; that the sister was entitled to be repaid the premiums paid by her, and that the residue should be paid to the executrix of the wife.

BILL OF INTERPLEADER by the Unity Mutual Life Assurance Association against Ellen Dugan and John Henry Dugan, to determine to whom it should pay the proceeds of a policy of life insurance issued by the association to John Dugan, January 19, 1869, upon his life, "for the sole use of his wife," Ellen M. Dugan. The policy contained the following provision :

" No assignment of this policy shall be made except for the benefit of the wife or children of the assured life, if there be any such ; otherwise it may be assigned to any person with the written consent of some director or other officer of this association previously obtained ; and any assignment made except as herein permitted shall be void and of no effect."

The case was heard by *Colt,* J., and reserved for the determination of the full court upon a report in substance as follows :

On August 31, 1872, John Dugan signed the following writing upon the back of the policy : " I hereby express my desire that the within policy be made payable to my sister, Ellen Dugan, of No. 286 Eustis Street, Boston, Mass., and in proof of the same I do in presence of the witnesses sign my full name." The transfer was certified by the secretary to be accepted and recorded, and was approved in writing by the president of the association.

On December 14, 1872, John Dugan died, leaving two children, Mary Gertrude Dugan and John Henry Dugan, aged respectively one and two years. On March 8, 1873, Mary Gertrude Dugan died; and on November 30, 1873, Ellen M. Dugan died, leaving John Henry Dugan the sole surviving issue of the said John and Ellen M. Ellen Dugan, sister of John, has been duly appointed administratrix, with the will annexed, of the estate of John Dugan. John Dugan had the possession of the policy of insurance until two days before his death, when he delivered it to his sister Ellen Dugan. The object of the writing indorsed on the policy, as orally expressed between the assured and his sister, was to secure her and their mother for what he already owed them for the support of himself and his minor children, and also for their care and expense, for the future, in his support, and in the support of the minor children of John and Ellen M., and also to secure the funeral expenses of John, which his sister undertook to and did pay, and the balance of the policy to enure, and be held by the sister, to the benefit of the minor children after his decease.

Ellen M. Dugan left her husband, and lived at home with her parents during the last two months of her husband's life, and until her death; and after his death she took Mary Gertrude and John Henry Dugan to her own house with her parents, where Hannah Race, her sister, had the principal care and support of her and her children. Ellen M. Dugan was appointed guardian of John H. Dugan, but before her death she resigned her guardianship in favor of Hannah Race, who was duly appointed his guardian, and still continues to be such. Ellen Dugan agreed, in consideration of the policy and the writing indorsed thereon, to support the minor children; but she has not been called upon or allowed by the guardian or the mother to do so, save as above mentioned. She paid five dollars for premiums to keep the policy alive before her brother died. John Dugan made a will in favor of Ellen Dugan, giving her a policy of $2000 in the Penn Life Insurance Company, which she has collected and now holds; but the proceeds are claimed by the guardian, as the children are not mentioned in the will. The policy in question is the only other property left by him. Hannah Race has claimed and had the care and support of John Henry since the decease of John Dugan

as well as of Ellen M. and Mary G. while they lived. The sum of $934.52 is due under the policy.

By an amendment to the report, it was agreed that John Dugan took out the policy paying the premiums, and that Hannah Race was the executrix of the will of Ellen M. Dugan.

*A. A. Ranney,* for Ellen Dugan.

*G. W. Morse,* for Hannah Race and John H. Dugan.

GRAY, C. J. The policy obtained by John Dugan upon his life being expressed to be for the sole use of his wife, her interest therein could not be affected by any assignment thereof by the husband. Gen. Sts. *c.* 58, § 62. *Gould* v. *Emerson,* 99 Mass. 154. But not being a party to the contract, nor named therein as payee, she could not maintain an action at law thereon. *Bailey* v. *New England Ins. Co.* 114 Mass. . By an express provision of the policy, which could not be dispensed with by the officers of the association, the assignment by the husband to his sister, not being expressed to be for the benefit of his wife and children, and having in fact been made in part to secure his own debts to his sister and mother, was wholly void. The sole right to sue at law upon the policy after his death would therefore be in his sister as administratrix of his estate, and the association might safely have paid the amount of the policy to her. *Burroughs* v. *State Assurance Co.* 97 Mass. 359.

But if the administratrix had received the amount, she would have held it in trust for the widow. *Gould* v. *Emerson,* above cited. The matter being submitted to our jurisdiction in equity, the fund should be disposed of according to the equities of the case. The premiums paid by the sister during the life of the assured, necessary to keep the policy on foot, may be treated as paid in his behalf, and should therefore be repaid to her. *Burridge* v. *Row,* 1 Yo. & Col. Ch. 183. *Connecticut Ins. Co.* v. *Burroughs,* 34 Conn. 305. And it being agreed by an amendment to the report that the defendant Hannah Race is executrix of the will of the widow, she will be entitled, upon filing an answer in that capacity, to have the residue of the fund paid to her. *Decree accordingly.*