## EDWARD L. NORRIS *vs.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY & others.

Suffolk.    March 22, 1880. — Feb. 24, 1881.   LORD & FIELD, JJ., absent. June 8. — 28, 1881.

Under the Gen. Sts. *c.* 58, § 62, if a policy of insurance is expressed to be for the benefit of the wife of the assured, her children have no interest in it during her lifetime; and her interest in it after the death of her husband may be attached by a creditor of hers under the Gen. Sts. *c.* 113, § 2, *cl.* 11; but he is not entitled to interest on the amount due from the insurance company, while the proceedings are pending, in the absence of evidence that the company has had any beneficial use of the money.

BILL IN EQUITY against an insurance company established by law in this Commonwealth, Susan S. S. Bowser, widow of William L. Bowser, and their four minor children. The case was heard, upon bill and answers, by Morton, J., and was reserved for the consideration of the full court as follows:

William L. Bowser in his lifetime had obtained a policy of insurance from the company on his life, payable to him, his executors, administrators or assigns, but expressed to be for the benefit of Susan S. S. Bowser, his wife, and the amount of which was due and payable, and was ready to be paid her by the company when this bill was filed. The plaintiff was a simple contract creditor of Mrs. Bowser and had possession of the policy, it having been delivered to him, without assignment, to hold as collateral security for the payment of his debt. The defendants contended that, under the Gen. Sts. *c.* 58, § 62, and the St. of · 1864, *c.* 197, and the terms of the policy, the widow was entitled to the money for her own benefit and that of her minor children, free from the interference of her creditors.

If the plaintiff was entitled to maintain his bill, the case was to be sent to a master to determine the amount of the plaintiff's debt; otherwise, the bill to be dismissed.

*J. O. Teele,* ( *C. R. Train* with him,) for the plaintiff.

*C. J. Noyes,* for the insurance company and the widow.

*G. W. White, Jr.,* for the children.

GRAY, C. J.   The policy obtained by the husband on his own life, being expressed to be for the benefit of his wife, is by the Gen. Sts. *c.* 58, § 62, to " enure to her separate use and benefit and that of her children, independently of her husband or his creditors." The effect of this statute is to declare that a policy expressed to be for the benefit of a married woman shall be her separate property, which she may transmit to her children, and which shall be independent of her husband or his creditors, but which, so long as she lives, is hers absolutely. The statute contains no clause to exempt this property from liability to be applied ·by her or by the law to the payment of her own debts. Upon her death, any interest which she has not disposed of, and which is not needed to pay such debts, will enure to the benefit of her children ; but during her lifetime the children have no title as against her or her creditors.

In *Unity Assurance Association* v. *Dugan,* 118 Mass. 219, it was accordingly adjudged that a policy obtained by a husband upon his life for the benefit of his wife could not be assigned by him, but that the whole amount thereof, upon the death of the wife after the husband, should be paid to her executrix, and no

part of it to her children. That case is decisive of this, for, the entire equitable interest in the policy being in the wife absolately, it is liable to her debts.

In the cases of *Gould* v. *Emerson*, 99 Mass. 154, and *Knickerbocker Ins. Co.* v. *Weitz*, 99 Mass. 157, cited at the argument, the policies differed from the one now before us in containing express stipulations for the benefit of the children.

*Case referred to a master.*

Briefs were afterwards submitted to the court by the same counsel upon the question whether the plaintiff was entitled to recover interest against the insurance company from the date of the filing of the bill.

GRAY, C. J. The contract of the company was with Mrs. Bowser only. It was under no liability to pay the money in its hands to the plaintiff, and could not safely pay it to him except upon an order of court in a suit to compel the application of the money due from the company to Mrs. Bowser to the payment of her debt to him. This bill, filed for that purpose under the Gen. Sts. *c.* 113, § 2, *cl.* 11, is in the nature of an equitable trustee process. *Phœnix Ins. Co.* v. *Abbott*, 127 Mass. 558, 560. Interest for the detention of the money would be recoverable by her from the company as damages only, and not as part of the debt; and there is nothing in this record to show that the company has had any beneficial use of the money. The company, having been restrained by judicial proceedings from paying its debt according to its terms, is not liable to pay interest thereon while these proceedings are pending. *Rennell* v. *Kimball*, 5 Allen, 356. *Huntress* v. *Burbank*, 111 Mass. 213. *Smith* v. *Flanders*, 129 Mass. 322. *Osborn* v. *United States Bank*, 9 Wheat. 738, 837. *Branthwait* v. *Halsey*, 4 Halst. 3.

The result is that the plaintiff, as against Mrs. Bowser, is entitled to a decree for the payment of her debt to him, with interest and costs; but, as against the company, is entitled to a decree only for the payment to him of the amount due from it to Mrs. Bowser at the time of the filing of the bill.

*Decree accordingly.*