SMITH, *Adm'r, v.* BULLARD.

The contract of the members of a mutual relief association, by which, on the death of one, the sum of one dollar, assessed on each survivor, is due to an appointee of the deceased, being one of his heirs or a member of his family, is a contract of life insurance within Gen. Laws, *c.* 175; and the amount of the insurance is not chargeable with the debts of the deceased.

STANLEY, J. The Odd Fellows' Mutual Relief Association of the Connecticut River Valley is a Massachusetts corporation, established at Springfield in that state "for the purpose of defraying the expenses of the sickness and burial of its deceased members, and of rendering pecuniary aid to the families of such deceased members, or their heirs." The business of the corporation, and the rights and obligations of the corporation and its members, are set forth in the by-laws. Any member of a lodge of Odd Fellows, having certain qualifications, may become a member of the association by depositing with the secretary a certificate of his qualifications, paying the sum required for admission, and signing an agreement to support and abide by the by-laws. "Applications for membership shall state the name, age, residence, health, and occu-

pation of the applicant, the name of the lodge of which he is a member, and shall designate the person or persons to whom the aid derived from his membership shall be payable." The secretary "shall make, and deliver or mail to each member, a certificate of membership." " The sum to be paid on admission" is measurably proportioned to the age of the applicant; upon the death of a member each surviving member is assessed $1.10, and the amount collected under these provisions is the relief fund of the corporation, and the fund from which the corporate expenses are paid. When a member dies, a sum equal to as many dollars as there are surviving members is paid, " First, to the person or persons designated by the deceased in his application for membership, or last legal assignment, provided such person or persons are heirs or members of his family. . . . Second, if either of the persons so designated shall have deceased, the sum shall be payable to the widow of the designator, for the use of herself and his minor children, if any, or if he leave no widow, it shall be payable to a guardian or trustee appointed for said children. Third, if the designator leave no widow or children, then it shall be payable to his heirs. Fourth, if the designator leave no heirs, then said sum shall be applied to the defrayment of the expenses of the last sickness and funeral of the deceased." "No member shall change the designation of the person or persons to whom the said sum shall be payable, without the consent of the directors."

The corporation is a mutual life insurance company; membership is an insurance contract; and a certificate of membership, expressly or by necessary implication including the terms of the contract stated in the application, by-laws, and " last legal assignment," or last valid designation of the payee, is a policy. May Insurance, *s.* 550 *a.* By the law of Massachusetts, when a policy is effected by any person on his own life for the benefit of another, the latter is " entitled thereto against the creditors and the representatives of the person effecting the same;" and "if the premium is paid by any person with intent to defraud his creditors, an amount equal to the premium so paid with interest thereon shall inure to the benefit of his creditors." Mass. Gen. Sts., *c.* 58, *s.* 62. There are similar provisions in our law. Gen. Sts., *c.* 160, *ss.* 2, 3; G. L., *c.* 175, *ss.* 2, 3.

This is an action of assumpsit brought by the administrator of Vose for $945.55, the amount of insurance on Vose's life, paid by the company to the defendant, who is a sister of Vose's deceased wife, and who was housekeeper in Vose's family for a long time before and after February 5, 1876, when the insurance contract was made. In his application to the company for membership, the payee of "the aid derived from his membership" was designated by Vose as " Mrs. Harriet P. Bullard," the defendant, "my sister-in-law, and a member of my family." No change of this designation of the payee was ever made or attempted. All assess-

ments made on Vose were paid by him.  Vose, being indebted to the defendant, gave her a note for $600, dated February 1, 1876. In 1877 he gave her a chattel mortgage to secure the note.  In 1878 the note was paid out of the proceeds of the sale of the mortgaged property.  Vose died insolvent in 1880.  The plaintiff offered to prove by parol testimony that Vose gave his certificate of membership to the defendant as collateral security for the note, and that he was insolvent when it was issued, and remained insolvent till his death.  The court ordered a nonsuit, and the plaintiff excepted.

The plaintiff does not deny that the defendant was a member of Vose's family within the meaning of the by-laws, and does not claim the amount of the premiums and interest;—but he contends that the association is not an insurance company; that the case is not within the statute; and that if this suit cannot be maintained, any insolvent person can defraud his creditors by joining as many of these associations as will absorb all the money he has and all he can get, if he designates some relative or member of his family as payee.  2 Kent Com. 441–443.  Upon our conclusion that the case is one of life insurance, the plaintiff cannot recover the amount insured.  *Stokell* v. *Kimball*, 59 N. H. 13; *Campbell* v. *N. E. M. L. Ins. Co.*, 98 Mass. 381, 400; *K. L. Ins. Co.* v. *Weitz*, 99 Mass. 157; *U. M. L. A. Ass.* v. *Dugan*, 118 Mass. 219; *Norris* v. *M. M. L. Ins. Co.*, 131 Mass. 294.  If fraud had been intended and effected, the defendant's liability to Vose's creditors would have been limited by statute to the amount of premiums and interest.

*Exception overruled.*

CLARK, J., did not sit: the others concurred.