### SARAH E. TROY *vs.* GILBERT A. SARGENT & others.

Suffolk.   Jan. 18. — March 4, 1882.   LORD, FIELD & C. ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 58, § 62, if a policy of insurance is expressed to be for the benefit of the wife of the assured, her children have no interest in it during her lifetime; and her interest in it may be attached by a creditor of hers under the Gen. Sts. *c.* 113, § 2, *cl.* 11, although her husband is living, without making their children parties defendant.

BILL IN EQUITY, under the Gen. Sts. *c.* 113, § 2, *cl.* 11, against Gilbert A. Sargent, Lucinda S. Sargent, his wife, and the John Hancock Mutual Life Insurance Company and the Berkshire Life Insurance Company, two corporations established by law in this Commonwealth, to reach and apply to the payment of a joint debt of Sargent and his wife to the plaintiff their interest in two policies of insurance issued by the defendant corporations respectively upon the life of Sargent for the benefit of his wife, payable on his death to her, her executors, administrators or assigns. The answer of each corporation alleged that Sargent and his wife had children, who should be made parties to the bill. The bill was taken for confessed as against Sargent and his wife.

At the hearing, an interlocutory decree was entered for the plaintiff, and the case referred to a master to ascertain and report upon the value of the policies ; and the defendant corporations appealed to the full court.

*S. Wells*, for the John Hancock Insurance Company.

*J. M. Barker*, for the Berkshire Insurance Company.

*A. E. Pillsbury*, for the plaintiff.

ENDICOTT, J. In this case, both the policies insure the life of Gilbert A. Sargent, for the benefit of his wife; and, upon his death, the sum insured is payable to her, her executors, administrators or assigns. No mention is made in either policy of the children. These policies, by the provisions of the Gen. Sts. *c.* 58, § 62, "enure to her separate use and benefit and that of her children, independently of her husband or his creditors."

The only question presented by the defendants is whether the children of Sargent and his wife should be made parties to the bill. In *Norris* v. *Mass. Ins. Co.* 131 Mass. 294, it was said that "the effect of this statute is to declare that a policy expressed to be for the benefit of a married woman shall be her separate property, which she may transmit to her children, and which shall be independent of her husband or his creditors, but which, so long as she lives, is hers absolutely. The statute contains no clause to exempt this property from liability to be applied by her, or by the law, to the payment of her own debts. Upon her death, any interest which she has not disposed of, and which is not needed to pay such debts, will enure to the benefit of her children; but during her lifetime the children have no title as against her or her creditors." This case differs from that only in one particular. There, the husband was dead; here, the husband is living; and, the policies having a present value, the plaintiff, as creditor of the husband and wife, seeks to have the value or proceeds of the policies applied to the payment of her debt.

The defendants contend that, as she may not survive her husband, the children, in view of that contingency, must be made parties. But, until her death, they have no interest in the policies ; and then they take only such interest as may remain not disposed of by her, and not needed for the payment of her debts. No distinction can be made between her right to the sum

insured on the death of her husband, and her right to the value of the policy, if it has any value, during the life of her husband. *Unity Assurance Association* v. *Dugan*, 118 Mass. 219. *Newcomb* v. *Mutual Ins. Co.* 9 Ins. L. J. 124. *Baker* v. *Young*, 47 Misso. 453. *Kerman* v. *Howard*, 23 Wis. 108. *Rison* v. *Wilkerson*, 3 Sneed, 565.

The interlocutory decree sending the case to a master cannot, therefore, be set aside on the ground that the children are necessary parties to the bill. *Decree affirmed.*