Augusta Tartakin *vs.* E. Sherman Stitt & others.

Suffolk.   January 12, 1928.— April 4, 1928.

Present: Rugg, C.J., Braley, Crosby, Pierce, & Carroll, JJ.

*Equity Jurisdiction*, To reach and apply equitable assets.   *Fraud. Agency*, Undisclosed principal.

Title to two parcels of land stood in the name of one whose daughter was the real owner. On or about December 1, 1925, she applied to a voluntary association for a mortgage upon one of the parcels, and stated to the treasurer of the association that she was the owner of the property although it stood in her father's name and that he would sign the mortgate note. The association thereupon made a loan and the father signed the mortgage note. On December 1, 1925, the father delivered to the daughter a deed of the other parcel of land, which was recorded July 9, 1926. Prior to December 1, 1925, the father had delivered to the daughter a policy of insurance upon his life, then payable to his estate, although the policy was not formally assigned to the daughter until January 25, 1927. The daughter for a number of years paid premiums amounting to a sum in excess of the face value of the policy. On January 24, 1927, the daughter was the owner of a deposit in a trust company. An assignee of the association recovered judgment

against the father for a deficiency after foreclosure of the mortgage upon the first parcel of real estate, and, on January 24, 1927, instituted a suit in equity against the father, the daughter and others, seeking to reach and apply the equity in the second parcel of real estate, the proceeds of the life insurance policy, and the bank deposit in satisfaction of his judgment against the father. A master found that the daughter's conduct was not fraudulent. A decree was entered ordering the father to pay the amount due and dismissing the bill as to the other defendants. *Held,* that

(1) The daughter was not liable to the plaintiff as an undisclosed principal;

(2) The master's finding was warranted;

(3) The fact that the deed from the father to the daughter was not recorded until July 9, 1926, did not require a finding of fraud on the daughter's part;

(4) The assignment of the insurance policy was valid against the father's creditors;

(5) The decree must be affirmed.

BILL IN EQUITY, filed in the Superior Court on January 24, 1927, and afterwards amended, described in the opinion.

The suit was referred to a master, and was heard upon his report by *Sisk,* J., by whose order there were entered an interlocutory decree confirming the master's report and a final decree ordering the defendant Stitt to pay to the plaintiff $4,330.83, and dismissing the bill as to the other defendants. The plaintiff appealed.

*N. Barnett,* for the plaintiff.

*C. F. Lovejoy,* for the defendant Hunton.

*C. T. Cottrell,* for the defendant insurance company.

CARROLL, J. This suit in equity is to establish a debt against "any or either" of the defendants Stitt and Hunton, and to reach and apply property belonging to either of them. The report of the master was confirmed, and a final decree was entered declaring that the defendant Stitt was indebted to the plaintiff in the sum of $4,330.83 and dismissing the bill as to the other defendants. The plaintiff appealed.

The defendant Hunton was the owner of the equity in a tract of land on Thorndike Street, Brookline, the record title to which was in the name of her father, the defendant Stitt. On this property there was a second mortgage for $5,000, which Hunton wished to replace. She met one Seidenberg, treasurer of the Commonwealth Trust, and this association

agreed to lend $4,675 upon a second mortgage. Hunton stated to the Commonwealth Trust that although she was the real owner of the property, it stood in the name of her father, Stitt. The Commonwealth Trust advanced $4,675; a second mortgage signed by Stitt for $5,000 was given to the association and the prior second mortgage was discharged. Later, the Commonwealth Trust foreclosed and, there being a deficiency, indorsed the note to the plaintiff Tartakin, who brought an action against Stitt for the benefit of the Commonwealth Trust and recovered judgment against him for $4,115.49, which has not been collected.

Tartakin then brought this suit for the benefit of the Commonwealth Trust. She seeks to establish a debt not only against Stitt but also against Hunton, and to reach and apply an equity in real estate on Addington Road, Brookline, standing in the name of Hunton, and a deposit in the Old Colony Trust Company standing in her name, and a policy of insurance for $1,000 on the life of Stitt. The liability of Hunton is sought to be established on the ground that she falsely represented to the Commonwealth Trust that Stitt was a man of financial standing and was the real as well as the record owner of the premises on Thorndike Street on which application had been made for a second mortgage, and also the owner of the real estate on Addington Road; that the Commonwealth Trust relied on these representations "when they made the said loan of Five Thousand ($5,000) Dollars to the defendant, Stitt."

The master found that no fraud on the part of Hunton "as alleged in the fifth paragraph of the bill" was proved; that it was made known to Seidenberg when the loan was given that Stitt was merely a "straw man"; that the equity in the Addington Road property is owned by Hunton and Stitt has no interest therein; that the equity was conveyed to her by deed of Stitt, recorded July 9, 1926; that the deposit in the Old Colony Trust Company belongs to Hunton. The master also found that in the insurance policy on Stitt's life his wife was the beneficiary; that she died several years ago. The policy provided that on the death of the beneficiary it was payable to the estate of the insured. It was found that

the cash surrender value of the policy was $762.25, there is
a loan on it for $224.08, and the net value of the policy is
$538.17; "that the value of said policy, to wit, $538.17, was
the property of the defendant Stitt"; that on January 25,
1927, an assignment of the policy in writing to the defendant
Hunton was recorded with the insurance company; that
Hunton paid the premiums amounting to about $1,500; that
before the transactions in question Stitt signed a receipt as
set forth in the report and delivered the policy to Hunton.
The bill alleges that the assignment of the policy was fraudu-
lent.

The contention of the plaintiff is that Hunton is liable
as an undisclosed principal. The answer to this contention
is that it was found as a fact that Hunton made known to
the Commonwealth Trust that she was the real owner of
the premises. The plaintiff's bill in paragraph five avers
that Hunton falsely and fraudulently represented that she
was acting as the agent of her father, and that he was a man
of good financial standing and the owner of the real estate
on Thorndike Street and Addington Road. The master
finds that the plaintiff has failed to prove fraud or misrepre-
sentation "as alleged in the fifth paragraph of the bill."
The fact that Hunton received a deed from her father on
December 1, 1925, of the Addington Road property, which
was not recorded until July 9, 1926, does not overcome the
master's finding that no such fraud as alleged was practised.
There was evidence that none of the representations relied
on as false were in fact made.

The only question that remains is the ownership of the
insurance policy. The master does find that the policy
"was the property of the defendant Stitt," but he finds that
it had been assigned to Hunton; he made no finding that this
assignment was fraudulent. As we construe the report the
assignment was not found to have been without considera-
tion. In addition to this Hunton had for a number of years
paid the premiums on the policy amounting to $1,500. The
policy was in her possession and had been delivered to her
by her father "before this transaction." She therefore was
entitled to receive the amount she paid out in premiums,

and cannot be called upon to give up the policy to the plaintiff unless she is reimbursed for the premiums paid. *Unity Mutual Life Assurance Association* v. *Dugan,* 118 Mass. 219. Furthermore it was found that the policy had been delivered to Hunton before the formal assignment had been executed. The delivery of the policy was, in equity, a valid transfer even if by the terms of the policy "the Company shall not be required to notice such assignment until the original or a duplicate thereof is filed in the Home Office." It was a valid assignment between Stitt and his daughter and was good against him and his creditors. *Hewins* v. *Baker,* 161 Mass. 320. *Herman* v. *Connecticut Mutual Life Ins. Co.* 218 Mass. 181, 185.

*Decree affirmed with costs.*