ELLA E. ANDERSON, Respondent, *v.* THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellant.

(Argued February 27, 1933; decided April 11, 1933.)

*Edwin F. Valentine* for appellant. Pursuant to the terms of the policy and the insurance statutes, the insured, the holder of the policy, had the right to reduce the amount of such insurance by borrowing on the policy without the signature or consent of the beneficiary. (*Caplin* v. *Penn Mut. Life Ins. Co.*, 182 App. Div. 269; 229 N. Y. 545.) Plaintiff, upon the death of the insured. was entitled to no more than the amount of the policy, after deduction of the loan made to the insured, (*Travelers' Ins. Co.* v. *Healy*, 25 App. Div. 53; 164 N. Y. 607; *Chatham-Phenix Bank* v. *Crosney*, 251 N. Y. 189.)

*Carlo D. Cella* for respondent. Plaintiff had a proprietary or vested interest in the policy, of which she

could not be divested without her consent. (*Shipman v. Protected Home Circle*, 174 N. Y. 398; *Bradshaw v. Mutual Life Ins. Co.*, 205 N. Y. 467; *Jacobs v. Strumwasser*, 84 Misc. Rep. 28; *Central Nat. Bank v. Hume*, 128 U. S. 195; *Whitehead v. N. Y. Life Ins. Co.*, 102 N. Y. 143; *Garner v. Germania Life Ins. Co.*, 110 N. Y. 266; *Fowler v. Butterly*, 78 N. Y. 68; *Walsh v. Mutual Life Ins. Co.*, 133 N. Y. 408; *Chatham Phenix Bank v. Crosney*, 251 N. Y. 189; *Grems v. Traver*, 87 Misc. Rep. 644; 164 App. Div. 968; *Ruckenstein v. Metropolitan Life Ins. Co.*, 144 Misc. Rep. 154; *Matter of Hayes*, 131 Misc. Rep. 806; 252 N. Y. 148; *Maurice v. Travelers Ins. Co.*, 121 Misc. Rep. 427; *Matter of Samuels*, 254 Fed. Rep. 775.) Neither section 101 of the Insurance Law (Cons. Laws, ch. 28) nor the terms of the policy reserved to the insured the right to borrow on the policy without the consent of the beneficiary. (*Maurice v. Travelers Ins. Co.*, 121 Misc. Rep. 427.)

CROUCH, J. On March 1, 1909, the defendant issued an ordinary life policy for $4,000 on the life of plaintiff's husband, payable to the plaintiff if she survived, otherwise to his estate. The application was made by the husband in his own name, and not in the name of his wife. On September 27, 1927, the husband obtained a loan from the defendant on an assignment of the policy bearing his signature and the forged signature of the plaintiff. The husband died on May 2, 1931. The defendant paid the amount due on the policy less the amount due on the loan. The plaintiff seeks to recover the amount so retained by the defendant.

Although section 52 of the Domestic Relations Law (Cons. Laws, ch. 14) applies in terms only to policies taken out or caused to be taken out by a married woman, it has become settled law that it also applies to policies taken out by the husband when made payable to the wife.

(*Chatham Phenix Nat. Bank* v. *Crosney*, 251 N. Y. 189, 193.) The property right which the wife has in such policies may be defeated or materially changed only with her consent (*Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143; *Bradshaw* v. *Mutual Life Ins. Co.*, 205 N. Y. 467), or in accordance with senior rights in the husband clearly expressed in the insurance contract itself. (*Bradshaw* v. *Mutual Life Ins. Co.*, 187 N. Y. 347, 355; *Wagner* v. *Thieriot*, 203 App. Div. 757, 764; affd., 236 N. Y. 588.)

It is the contention of the defendant that under the policy in suit the husband by express provision had the right to borrow without the consent of his wife. The particular provision to which defendant points, reads as follows:

" 5. Upon request and the sole security of the policy properly assigned, the Company will advance at a rate of interest not exceeding six per cent an amount equal to (or at the option of the Insured less than) the then cash surrender value of the Policy, less five per cent, provided extended term insurance shall not then be in force. Failure to pay either loan or interest shall not avoid the Policy unless the total indebtedness to the Company on account thereof shall equal or exceed the cash surrender value of the Policy and any existing dividend additions, nor until thirty-one days after notice shall have been mailed to the last known address of the Insured and of any Assignee."

We may assume that this provision was put in the policy pursuant to the requirements of section 101 of the Insurance Law (Cons. Laws, ch. 28). Neither the statute nor the policy provision above quoted points out upon whose request the loan should be made, nor what would constitute a proper assignment. Those were matters which necessarily depended upon the person or persons who under the contract as a whole and under any other applicable statute, had rights in the policy. The use of the word

"Insured" in the option and notice clauses is at best ambiguous. Section 101 of the Insurance Law uses the word "owner" in the same connection; and so it stood on the statute book when this policy was issued. (Laws of 1909, ch. 33, § 101, subd. 7; as amd. Laws of 1909, ch. 301.) Since the wife under section 52 of the Domestic Relations Law was the owner or holder of the policy (*Bradshaw* v. *Mutual Life Ins. Co.*, 205 N. Y. 467), and could assign it only with the consent of the "assured," the act of both plaintiff and her husband was, in the absence of a clear provision in the policy to the contrary, necessary to effect a valid transfer to the defendant. There is no such provision. On the other hand, analogous provisions in the policy relating to premium loans and to paid-up insurance specifically require the act of both parties. Moreover, the defendant itself seems so to have construed the policy, for the form of application and loan agreement prepared by it required the signatures of both husband and wife. It is a fair inference that the loan would not have been made but for the forged signature of plaintiff.

*Caplin* v. *Penn Mutual Life Ins. Co.* (182 App. Div. 269; affd., 229 N. Y. 545) was decided upon its own particular facts and is no precedent here.

The judgment should be affirmed with costs.

POUND, Ch. J., CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur; HUBBS, J., not voting.

Judgment affirmed.