Sadie Ruckenstein, Appellant, *v.* Metropolitan Life Insurance Company, Respondent.*

First Department, June 2, 1933.

*J. Emanuel Ankus*, for the appellant.

*Dean Potter* of counsel [*Tanner, Sillcocks & Friend*, attorneys], for the respondent.

Townley, J. Plaintiff sues to recover $20,000, the face value of a policy issued on the life of her husband in which she was named as irrevocable beneficiary.

The facts are conceded. Plaintiff's deceased husband, Max Ruckenstein, was insured by defendant on February 14, 1929, for $20,000 by life insurance policy No. 5668378A. Plaintiff was named as beneficiary and the insured did not reserve the right to change the beneficiary. Two full years' premiums were paid and loans were made to the limit of the paid-up value. The

* Revg. 144 Misc. 154.

beneficiary consented to these loans. The third premium was due February 14, 1931. The days of grace expired March 17, 1931. On March 14, 1931, the insured and defendant entered into an arrangement whereby defendant agreed to accept surrender of the $20,000 policy and to issue in its place a new policy under the same policy number for $5,000. The insured at the same time gave a check for $44.65, the amount of the quarterly premium on the $5,000 policy, delivered up the policy to the defendant and signed an application for the change. The new policy was not to go into effect unless delivered during the good health of the insured. Plaintiff did not consent to the change, cancellation or reduction of the policy and so far as the record shows was in ignorance of the proposed transaction. On April 12, 1931, the defendant tendered the new policy and asked plaintiff to sign a consent to the reduction. The insured had died two days before. The beneficiary refused to recognize the change and demanded the face value of the original policy less any proper deductions.

Plaintiff relies on three cases (*Whitehead* v. *New York Life Ins. Co.*, 102 N. Y. 143; *Garner* v. *Germania Life Ins. Co.*, 110 id. 266; *Stilwell* v. *Mutual Life Ins. Co.*, 72 id. 385). These cases hold that if a policy has not yet lapsed, an insured and his insurer cannot dispose of the proceeds of a policy in which a beneficiary has a vested interest without giving notice to the beneficiary. (See, also, *Anderson* v. *Northwestern Mutual Life Ins. Co.*, 261 N. Y. 450.) Applying this principle to the case at bar the defendant's agreement with plaintiff's husband, consummated so far as the husband was concerned three days before the policy might have lapsed, was not binding on plaintiff until she had notice and consented to the reduction. The reason for this as expressed in the *Whitehead Case* (*supra*), is that the beneficiary might have paid the premium herself and kept the policy alive in its original form. This is a general rule of insurance law. In 2 Couch Cyclopedia of Insurance Law the rule is stated as follows: " if the beneficiary * * * has a vested interest in the contract of insurance, the insured cannot surrender the policy so as to defeat the rights of the beneficiary thereunder, without his consent, or the giving of authority therefor, and this although such surrender is acquiesced in by the insurer, or was produced by fraudulent representations made to it " (p. 991, and cases there cited).

There can be no dispute that after the policy was surrendered on March fourteenth, the insurer did not expect to receive a further payment on or before March seventeenth. Defendant clearly waived any right to claim a lapse on that date. This waiver extended the beneficiary's time to pay until the attempted change

was brought to her notice. The act of the insurer in asking her consent at the time of the attempted delivery of the policy confirms this view of the matter. If her consent were necessary before a reduction could be made in the value of the policy, it necessarily follows that a refusal on her part to consent does not work a complete forfeiture of both the original and the altered policy. The insurer may not profit by disposing of the beneficiary's interest without her consent.

The new policy was never in force and the old policy remained a binding obligation of the company in the absence of plaintiff's consent to the proposed change.

The judgment should be reversed, with costs, and judgment directed for plaintiff as prayed for in the complaint with deductions for proper accrued charges under the old policy, with costs.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed, with costs, and judgment directed for plaintiff as prayed for in the complaint, with deductions for proper accrued charges under the old policy, with costs.

Settle order on notice.