HARRY GOLDMAN *vs.* JENNIE MOSES & another.

Suffolk.    April 3, 1934. — August 1, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Insurance*, Life: assignment, change of beneficiary.  *Equity Jurisdiction*, Conveyance in fraud of creditors, To aid defective execution of power.  *Assignment.*

Unless a policy of life insurance expressly or impliedly empowers the insured to give to an assignee thereof rights superior to those of a named beneficiary who has not released his rights, the rights of the beneficiary are superior to those of the assignee.

A provision of such a policy allowing a change of beneficiary "provided this policy is not then assigned" does not import a right of assignment in the insured by which he may give an assignee rights superior to those of an existing beneficiary.

Although an assignment of the policy above described was made by the insured but not by the beneficiary in compliance with provisions thereof permitting an assignment, the interest of the beneficiary was not divested thereby and, after the death of the insured, a creditor of the beneficiary was entitled to have the proceeds of the policy reached and applied to the satisfaction of his claim.

Where a policy of life insurance provided that a change of beneficiary by the insured must be made by a notice in writing to the company at its home office, "accompanied by the policy for indorsement of the change thereon by the company, and unless so indorsed the change

shall not take effect," an assignment of the policy by the insured, which complied with the provisions of the policy permitting assignment and which was sent to the home office of the company, was not effective as a change of beneficiary if it was not accompanied by the policy and the purported change never was indorsed on the policy.

Where the insured in a policy of life insurance payable to his wife as beneficiary, at a time when he was insolvent and with intent to prevent a creditor of him and his wife from reaching the policy or its proceeds, purported to make a change of beneficiary in favor of his adult daughter upon the sole consideration of her oral promise to take care of him and her mother generally, particularly her mother, out of the proceeds of the policy, but the change of beneficiary was defective because the insured did not comply with certain requirements of the policy with respect thereto, although it was not impossible or even difficult to comply with them, it was *held*, in a suit in equity commenced by such creditor after the insured's death to reach and apply the proceeds of the policy to the satisfaction of his claim, that the case was not one in which the court should exercise its powers to make effectual the defective change of beneficiary.

BILL IN EQUITY, filed in the Superior Court on January 10, 1933, and afterwards amended, against Jennie Moses, Lottie Jacobson, and New York Life Insurance Company.

The defendant New York Life Insurance Company having paid into court the proceeds of the insurance policy in question, a decree was entered dismissing the bill as against it.

The suit was heard by *J. J. Burns,* J. Certain provisions of the policy were:

"ASSIGNMENT. — Any assignment of this policy must be made in duplicate and one copy filed with the company at its home office. The company assumes no responsibility for the validity of any assignment.

"CHANGE OF BENEFICIARY. — The insured may at any time, and from time to time, change the beneficiary, provided this policy is not then assigned. Every change of beneficiary must be made by written notice to the company at its home office accompanied by the policy for indorsement of the change thereon by the company, and unless so indorsed the change shall not take effect. After such indorsement the change shall relate back to and take effect as of the date the insured signed said written notice of change whether the insured be living at the time of

such indorsement or not. In the event of the death of any beneficiary before the insured the interest of such beneficiary shall vest in the insured."

Material findings by the judge are stated in the opinion. By his order, a final decree dismissing the bill was entered. The plaintiff appealed. The evidence was reported.

*M. Krook,* (*H. N. Silk* with him,) for the plaintiff.

*M. Jacobs,* for the defendants.

LUMMUS, J. The plaintiff, a judgment creditor of the defendant Jennie Moses and her deceased husband Kalman Moses, brings this bill to reach and apply to the payment of the judgment the proceeds of a policy of life insurance on the life of Kalman Moses which was originally payable to Jennie Moses as beneficiary, but which was assigned by Kalman Moses, the insured, to the defendant Lottie Jacobson, the married daughter of Kalman and Jennie Moses, on March 8, 1927, at a time when the insured was insolvent, with intent to prevent the plaintiff from reaching the policy or its proceeds. The only consideration given by Lottie Jacobson was her promise to take care of her father and mother generally, and particularly to take care of her mother, out of the proceeds of the policy, after the death of her father. The insurance company admitted liability, paid into court the amount of the policy, which is less than the amount of the judgment, and was dismissed from the case.

The assignment complied with the provisions of the policy permitting assignment. But Jennie Moses, one of the judgment debtors, was the sole beneficiary at the time of the assignment. A policy may indeed create a right in the insured, such as the right to surrender the policy, which is superior to the right of the beneficiary, and which the insured may convey to an assignee. *Blinn* v. *Dame,* 207 Mass. 159. *Eldredge* v. *Mutual Life Ins. Co.* 217 Mass. 444, 446. *Kothe* v. *Phoenix Mutual Life Ins. Co.* 269 Mass. 148. *Frederick* v. *Fidelity Mutual Life Ins. Co.* 256 U. S. 395. See G. L. (Ter. Ed.) c. 175, §§ 142, 144, 147; *Anderson* v. *Northwestern Mutual Life Ins. Co.* 261 N. Y. 450. But unless the policy, expressly or by implication, em-

powers the insured to give an assignee a right superior to that of an existing beneficiary who has not released his right, the beneficiary takes precedence of the assignee. *Wilde* v. *Wilde*, 209 Mass. 205. *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306. *Witherington* v. *Nickerson*, 256 Mass. 351, 355. *Anderson* v. *Northwestern Mutual Life Ins. Co.* 261 N. Y. 450. The policy in this case gives no such power to the insured. "A reserved right to change the beneficiary does not affect the essential nature of the rights of the beneficiary so long as they last." *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306, 309. The provision of the policy allowing a change of beneficiary "provided this Policy is not then assigned" does not imply a right of assignment in the insured which may give an assignee a right superior to that of an existing beneficiary. *Sullivan* v. *Maroney*, 6 Buch. 104, affirmed 7 Buch. 565. *Anderson* v. *Broad Street National Bank*, 90 N. J. Eq. 78, 83, affirmed 91 N. J. Eq. 331. *Douglass* v. *Equitable Life Assurance Society*, 150 La. 519, 534. The beneficial interest of Jennie Moses, which under the policy could not be divested by the assignment by the insured, was subject to the claim of the plaintiff, her own creditor. *Troy* v. *Sargent*, 132 Mass. 408. If we treat what was given to Lottie Jacobson as an assignment, the plaintiff must prevail.

The defendant Lottie Jacobson argues, however, that the assignment may be construed as a change of beneficiary in her favor under the power reserved in the policy (*Atlantic Mutual Life Ins. Co.* v. *Gannon*, 179 Mass. 291; *Merchants Bank* v. *Garrard*, 158 Ga. 867, 38 Am. L. R. 102), and that as substituted beneficiary she takes free from the claims of creditors, since the protection afforded to "a married woman" by G. L. (Ter. Ed.) c. 175, § 126, extends to any married woman and is not limited to the wife of the insured.

Assuming, but without deciding, that this argument is valid, it depends upon the proposition that the purported assignment, construed as a change of beneficiary, was effective as such. The policy permitted a change of bene-

ficiary, but provided that it "must be made by written notice to the Company at its Home Office accompanied by the Policy for indorsement of the change thereon by the Company, and unless so indorsed the change shall not take effect." The assignment which is relied on as a change of beneficiary was not "accompanied by the Policy," and the change was never indorsed on the policy. There was nothing to show that it was impossible or even difficult to comply with the terms of the policy as to change of beneficiary.

In dealing with the validity of an assignment as such, it has been held that formal requisites of assignment, set forth in the policy, are intended for the benefit of the company and may be waived by it. The assignor and his creditors have no right to insist upon them. *Herman* v. *Connecticut Mutual Life Ins. Co.* 218 Mass. 181, 185. *Tartakin* v. *Stitt*, 263 Mass. 274, 278. But a change of beneficiary stands on a different footing. It is a divesting of the beneficial interest held by one person, and the vesting of that interest in another person, by the exercise of a power of appointment which would not exist unless reserved in the policy. The power must be exercised in substantial compliance with the terms of the policy, as far as possible at any rate. *French* v. *Provident Savings Life Assurance Society of New York*, 205 Mass. 424. *Kochanek* v. *Prudential Ins. Co. of America*, 262 Mass. 174. *Resnek* v. *Mutual Life Ins. Co. of New York*, 286 Mass. 305. *Prudential Ins. Co. of America* v. *Swanson*, 111 N. J. Eq. 477. Compare *Supreme Council of the Royal Arcanum* v. *Behrend*, 247 U. S. 394. Cases to the contrary may be found, but they do not represent the law of this Commonwealth. The cases are collected in 13 Boston Univ. Law Rev. 391. The taking away of the beneficial interest in a policy from the wife of the insured, to the actual loss of a creditor of both the insured and his wife, for the purpose of vesting it in an adult daughter, does not call for action by a court of equity in aid of a defective execution of a power to change the beneficiary. See *Coates* v. *Lunt*, 210 Mass. 314, 317; *Freeman* v. *Eacho*, 79 Va. 43, 47; Farwell, Powers (3d ed.) 385, *et seq.* Treating the assignment as an intended

change of beneficiary, it did not conform to the power and was ineffective. The policy and its proceeds remain the property of Jennie Moses, subject to the claims of her creditors. *Troy* v. *Sargent*, 132 Mass. 408.

These principles require that the final decree in favor of the defendant Jacobson be reversed, and that a final decree be entered for the payment of the fund to the plaintiff, with costs.

*Ordered accordingly.*