ESTATE OF LOUIS J. DORSON, IRVING TRUST COMPANY, GERTRUDE L. DORSON AND DAVID C. DORSON, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2502. Promulgated December 12, 1944.

*Alfred B. Nathan, Esq.*, for the petitioners.
*Henry C. Clark, Esq.*, for the respondent.

OPINION.

SMITH, *Judge*: Respondent now concedes, and it is so stipulated, that the assignment of the policies to the trust was not a transfer made in contemplation of death. He contends in his brief, however, that it was a transfer which took effect at decedent's death; that decedent never surrendered his control over the policies during his lifetime; that decedent's death shifted the economic benefits under the policies; and that the proceeds are "part of decedent's gross estate under Section 811 (c) as a transfer to take effect at his death and also under Section 811 (g) as life insurance payable to 'other beneficiaries'."

Section 811 (c) and (g) of the Internal Revenue Code provides in material part as follows:

SEC. 811.   GROSS ESTATE.

\*          \*          \*          \*          \*          \*          \*

(c) TRANSFERS IN CONTEMPLATION OF, OR TAKING EFFECT AT DEATH.—To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, or of which he has at any time made a transfer, by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death (1) the possession or enjoyment of, or the right to the income from, the property, or (2) the right, either alone or in conjunction with any person, to designate the persons who shall possess or enjoy the property or the income therefrom; except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this subchapter;

\*          \*          \*          \*          \*          \*          \*

(g) PROCEEDS OF LIFE INSURANCE.—

\*          \*          \*          \*          \*          \*          \*

(2) RECEIVABLE BY OTHER BENEFICIARIES.—To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent (A) purchased with premiums, or other consideration, paid directly or indirectly by the decedent, in proportion that the amount so paid by the decedent bears to the total premiums paid for the insurance, or (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person. For the purposes of clause (A) of this paragraph, if the decedent transferred, by assignment or otherwise, a policy of insurance, the amount paid directly or indirectly by the decedent shall be reduced by an amount which bears the same ratio to the amount paid directly or indirectly by the decedent as the consideration in money or money's worth received by the decedent for the transfer bears to the value of the policy at the time of the transfer. For the purposes of clause (B) of this paragraph, the term "incident of ownership" does not include a reversionary interest.

While some of the policies in question were taken out by decedent prior to the effective date of the Revenue Act of 1918, they are not to be excluded from the gross estate under the rule of *Bingham* v. *United States*, 296 U. S. 211, and *Industrial Trust Co.* v. *United States*, 296 U. S. 220, since the insured reserved the right to change the beneficiaries up to the time he assigned the policies to the trust. See *Levy's Estate* v. *Commissioner*, 65 Fed. (2d) 412; *Newman* v. *Commissioner*, 76 Fed. (2d) 449; *Guaranty Trust Co. of New York et al., Executors*, 33 B. T. A. 1225.

For the proceeds of the policies to be includible in decedent's gross estate under any of the provisions of the statute the decedent at the time of his death must have retained some of the incidents of ownership therein which passed by reason of his death. *Chase National Bank* v. *United States*, 278 U. S. 327.

T. D. 5032, Cumulative Bulletin 1941–1, p. 427, dated January 10, 1941, amended article 27 of Regulations 80 to read as follows:

ART. 27. *Insurance receivable by other beneficiaries.*—The amount in excess of $40,000 of the aggregate proceeds of all insurance on the decedent's life not receivable by or for the benefit of his estate must be included in his gross estate as follows:

(1) To the exent to which such insurance was taken out by the decedent upon his own life (see article 25) after January 10, 1941, the date of Treasury Decision 5032, and

(2) To the extent to which such insurance was taken out by the decedent upon his own life (see article 25) on or before January 10, 1941, and with respect to which the decedent possessed any of the legal incidents of ownership at any time after such date or, in the case of a decedent dying on or before such date, at the time of his death.

Legal incidents of ownership in the policy include, for example, the right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc. The insured possesses a legal incident of ownership if his death is necessary to terminate his interest in the insurance, as, for example if the proceeds would become payable to his estate, or payable as he might direct, should the beneficiary predecease him.

As to the policies here under consideration, our question is whether by transferring them to the trustees under the trust agreement decedent irrevocably divested himself of all property rights in them, including the right to change the beneficiaries or to pledge or surrender the policies. If so, then the proceeds of the policies must be excluded from his gross estate. See *Anna Rosenstock*, 41 B. T. A. 635, and cases therein cited.

We held in the *Rosenstock* case that the proceeds of policies of life insurance which the insured had irrevocably assigned to his wife prior

to his death were not includible in his gross estate. In our opinion we said that:

> * * * In the instant case, the assignment of the three policies was made by gift and thus the assignee, insured's wife, falls in the class above referred to of "all other beneficiaries." However, it is well settled that the proceeds of insurance policies irrevocably belonging to and receivable by "beneficiaries" other than the insured's estate may not be included in his estate, under section 302 (g), *supra*, where the insured, at date of his death, had no incidents of ownership of the policies (that is, control, possession or enjoyment of the privileges contained in the policies, or the proceeds thereof), the termination of which by reason of his death would constitute an appropriate subject of the estate tax. * * *

The insured in the *Rosenstock* case had reserved the right, in the policy contracts, to change the named beneficiary, the wife, but we found that under the laws of the State of New York, which governed the property rights in the policies there under consideration, and which likewise govern as to the policies here, the assignment of the policies to the wife divested the insured of all property rights therein, including the right to change the beneficiary. See *Jacobs* v. *Strumwasser*, 84 Misc. Rep. 28; 145 N. Y. S. 916; *Anderson* v. *Northwestern Mutual Life Ins. Co.*, 261 N. Y. 450; 185 N. E. 696; *Levy's Estate* v. *Commissioner, supra.*

In the instant case we think that the unconditional and irrevocable assignment of the policies to the trustees divested decedent of all the rights therein, including the right to change the beneficiaries. Such in effect was the ruling of the Supreme Court of New York that the trustees acquired an absolute right to the proceeds of the policies by reason of the assignment. The decision of the court on that question is binding upon us. *Blair* v. *Commissioner*, 300 U. S. 5; *Freuler* v. *Helvering*, 291 U. S. 35; *Eisenmenger* v. *Commissioner* (C. C. A., 8th Cir.), 145 Fed. (2d) 103. In the last cited case the court held that a decision of the state court as to such property rights is binding upon us whether the proceeding is adversary or not. However that may be, we think the respondent is wrong in his contention here that the proceeding in which the ruling was obtained was nonadversary.

It is immaterial, we think, as to the question before us, that decedent obtained some of the dividends declared on the policies, after their assignment to the trusts, for his own use. The Surrogate's Court having jurisdiction of the matter ruled that these dividends belonged to the wife and permitted her to recover them from the estate. It has been held that the reservation by the insured of the absolute right to dividends on policies of insurance issued by a mutual insurance company does not amount to a property right which requires the proceeds of the policies to be included in his gross estate. *D. W. Blacksher et al., Executors*, 38 B. T. A. 998.

*Decision will be entered under Rule 50.*